**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| **KRISTOPHER PRUSIN**<br><br>Plaintiff.<br><br>vs.<br><br>**CANTON'S PEARLS, LLC, et al.**<br><br>Defendants. | Case No.  JBK-16-605 |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER &
MOTION TO MODIFY SUBPOENA**

Defendants Eric Hamilton and Canton's Pearls, LLC t/a Canton Dockside ask the Court to protect its employees and itself from Plaintiff Kristopher Prusin's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action as served on Paychex, Inc. and as to additional document request(s) as served on Canton Dockside and for good cause states:

1. Defendant Canton's Pearls, LLC t/a Canton Dockside is a Maryland limited liability company that operates a crab house and restaurant in Baltimore, Maryland ("Canton Dockside").

2. Kristopher Prusin, Plaintiff, was formerly employed as a server by Canton Dockside from early 2013 through October 2015 ("Plaintiff").

3. Approximately four (4) months after Plaintiff quit, Plaintiff filed this action seeking damages under standard wage claims including the Maryland Wage Payment and Collection Law, Maryland Wage and Hour Law, and the federal Fair Labor Standards Act ("FLSA").

1

4.      On October 7, 2016, Plaintiff served a Second Set of Request for Production of Documents on Canton Dockside seeking, in multiple requests, documents that relate or refer to employees beyond Plaintiff, and thus violate this Court's July 29, 2016 Order (ECF. No. 12). *See Exhibit A, Requests Numbers One, Two, Three, and Four [Second Set of Request for Production of Documents]*.

5.      On October 13, 2016, Plaintiff served a Third Set of Request for Production of Documents on Canton Dockside seeking "all Employee Time Card and Job Detail Reports and Employee Sales and Tip Totals Reports for every employee for the calendar years 2012, 2014, and 2015." *See Exhibit B, Request Number One [Third Set of Request for Production of Documents]*.

6.      On October 14, 2016, Plaintiff served on Paychex, Inc.[1] a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Paychex Subpoena"), which includes eight (8) categories of documents. The Paychex Subpoena seeks all of Canton Dockside's payroll records and IRS Form W-2s for all employees, various IRS Forms, contract or agreements by and between Canton Dockside and Paychex, Inc., and summary filings for Canton Dockside. *See Exhibit C [Paychex Subpoena]*.

7.      The parties' attempted to resolve the issue regarding the Paychex Subpoena as reflected in email communication between counsel. *See Exhibit D [Email communication]*. Defendants' counsel requested Plaintiff's counsel to reduce the scope of the Paychex Subpoena, which Defendants' counsel refused. As such, a dispute regarding the scope of Paychex Subpoena remains.

8.      Except with regard to employee records related to the herein Plaintiff, this motion seeks a protective order barring all discovery into any employee records of Canton Dockside,

---

[1] Paychex, Inc. is not a party to this action, but rather maintains Canton Dockside's payroll records.

including but not limited to Plaintiff's Third Set of Request for Production of Documents on Canton Dockside, Request Number One and Plaintiff's Second Set of Request for Production of Documents, Requests Numbers One, Two, Three, and Four.  Defendants believe that Plaintiff's stated position with regards to the overreach on the scope of Paychex Subpoena would apply to Plaintiff's Third Set of Request for Production of Documents on Canton Dockside, Request Number One and Plaintiff's Second Set of Request for Production of Documents, Requests Numbers One, Two, Three, and Four, negating the benefits and of any discussion.  Additionally, Plaintiff's Third Set of Request for Production of Documents on Canton Dockside, Request Number One and Plaintiff's Second Set of Request for Production of Documents, Requests Numbers One, Two, Three, and Four exceed, without Order, the scope of available discovery.

9. Except with regard to employee records related to the herein Plaintiff, this motion limits its objection to the portion of the Paychex Subpoena which seeks payroll records and IRS Form W-2s for all of Canton Dockside's employees.

10. Defendants generally do not oppose that portion of the Paychex Subpoena directly limited to Plaintiff as both parties hereto require additional information as necessary to allow their respective experts to complete their respective opinions.  Access to Plaintiff's payroll records and maintained by Paychex, Inc. appear to be beyond all parties' respective custody, possession, and control.  The matters set forth in this motion notwithstanding, the parties are believed working towards agreeing to revise the scheduling order as necessary to allow both parties to further inquire into whether and to what extent portions of Plaintiff's income was not tips, but rather, wages derived from a mandatory service charge policy employed by Canton Dockside.

11. Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1) (West, 2016). A consideration in determining the relevancy of the discovery requested is "the amount in controversy." *Id.*

12. A party receiving discovery may request a Court to issue a protective order. Fed. R. Civ. P. 26(c)(1). A Court may issue a protective order, for good cause, to protect the party receiving discovery from "annoyance, embarrassment, oppression, or undue burden or expense." *Id.* A protective order may forbid the discovery sought, prescribe an alternative discovery method for obtaining the information sought, or prohibit inquiry into certain matters. *Id.*

13. Under Federal Rule of Civil Procedure 26(c), the Court has broad discretion to issue a protective order on a showing of good cause. Once good cause has been established, the court must weigh the movant's privacy interests in the information and the burden of producing the information against the rights of the nonmovant and the public to obtain the information. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36 (1984).

14. The rules set forth in Federal Rule of Civil Procedure 37(a)(5) related to an award of expenses apply to motions for protective order. Fed. R. Civ. P. 26(c)(3). After granting such a motion, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Defendants are not seeking any monetary sanctions at this time, but expressly reserve the right to seek same.

15. Pursuant to Federal Rule of Civil Procedure 45(c) specifically regarding subpoenas, a Court (upon timely motion) is required to quash or modify a subpoena "that

requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii) (West, 2016).

16. Federal Rule of Civil Procedure 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed, which the Fourth Circuit has stated are "factors [that] are co-extensive with the general rules governing all discovery that are set forth in Rule 26." *Cook v. Howard*, 484 Fed. Appx. 805, 812 (4th Cir. 2012). Thus, "[r]elevance is…the foundation for any request for production, regardless of the individual to whom a request is made." *Id.*

17. The parties previously addressed Defendants' objections to producing information related to Canton Dockside's employees, besides Plaintiff.[2] Among other assertions, Defendants asserted Plaintiff sought information related to other employees so Plaintiff could locate other potential litigants to solicit for additional claims, and not because the information relevant to Plaintiff's actual claims.

18. On or about July 29, 2016, this Court entered an Order specifically stating: "absent further Order of the Court, Defendants are EXCUSED from producing the identities of tip-credit witnesses, including tipped employees." (ECF. No. 12).

19. Defendants assert that the spirit and intent of the Court's Order was to limit discovery to the actual parties in this action. Plaintiff's unqualified requests, including one for all of Canton Dockside's payroll records from 2013 to 2015, continues to be irrelevant to Plaintiff's specific claims against Defendants and continues to be requested to seek other potential litigants.

---

[2] Plaintiff's First Set of Interrogatories to Canton Dockside included a request to "Identify all persons who worked as tipped employees in the State of Maryland from March 1, 2013 through the present."

20.     Regardless, Plaintiff's Second and Third Set of Requests for Production of Documents and the Paychex Subpoena seek information providing the identities of tip-credit witnesses, including tipped employees, which is a direct violation of this Court's July 29, 2016, Order.  In this regard, Plaintiff's conduct was not substantially justified and is a willful violation of existing Order of this Court.

21.     Canton Dockside has a right and obligation to protect the portion of the Paychex Subpoena which seek payroll records and IRS Form W-2s for all of Canton Dockside's employees and has standing to file this motion pursuant.  *See* Fed. R. Civ. P. 45(c)(3).

22.     In addition to the burden placed upon Canton Dockside by Plaintiff's Second and Third Set of Requests for Production of Documents, Plaintiff's request violates the privacy of Canton Dockside's other employees.  If Plaintiff receives these documents, he will have access to Canton Dockside's employees' social security numbers, home addresses, and specific pay information.  Canton Dockside is concerned that without a proper Order from this Court, it may violate its employees' right to privacy with respect to their social security numbers, addresses and income.  Plaintiff's document request is overly broad and not narrowly tailored in light of the privacy concerns raised by Canton Dockside in this motion.

23.     Moreover, the payroll records of other employees do not have any bearing on Plaintiff's case.  To wit, Defendants' expert witness, Antony Pelura, MSF, CVA, specifically stated:

> I do not see any specific relevance between Mr. Prusin's wage claim and IRS Forms 940, 941, and 944 as each of those is general to the entire restaurant and would not provide any information specific to Mr. Prusin. Likewise, payroll records and W-2s as to other employees would not provide me with any information specific to Mr. Prusin's wage claim.

*See Exhibit E [Email communication from Mr. Pelura].*

6

24.     In this action, the amount in controversy as stated by Plaintiff's expert witness, Michael Kimel, Ph.D, is $19,165.05 ($16,713.04 for Plaintiff's minimum wage claim and $2,452.01 for Plaintiff's unpaid overtime claim). Defendants' expert, Anthony Pelura, MSF, CVA, has placed a considerably lower cap of $108.06 in total damages, which accrued in only one week of (March 25, 2013, through April 7, 2013). As stated in Federal Rule of Civil Procedure 26(b)(1), a consideration in determining the relevancy of the discovery requested is the amount in controversy. In light of the other reasons set forth in this motion and due to the total damages in controversy, the payroll records and other information sought is not relevant.

25.     The Paychex Subpoena subjects a non-party to an undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv). Canton Dockside routinely employs up to sixty (60) employees and the volume of records sought is extreme. Moreover, said records are irrelevant to Plaintiff's claims, none of which relate to whether to he was compensated any differently than his peers, a fact highlighting the irrelevancy of inquiry into other individual's identity and pay structures.

26.     For the foregoing reasons, Defendants ask the Court to grant this motion and enter its Order protecting Defendants by:

  a. Denying Plaintiff's Second Set of Request for Production of Documents on Canton Dockside, Requests Numbers One, Two, Three, and Four,

  b. Denying Plaintiff's Third Set of Request for Production of Documents on Canton Dockside, Request Number One,

  c. Limiting the scope of the Paychex Subpoena, numbered requests 1 and 6, to records that only and directly relate to Plaintiff Kristopher Prusin,

  d. Restricting disclosure of any portion of the Paychex Subpoena, numbered requests 5, 7, and 8, to the extent same specifically identify or reference any non-

    management employee of Canton Dockside other than Plaintiff Kristopher Prusin, and

e. For such other and further relief.

                        Respectfully submitted,

                        /s/ Christopher Staiti
                        Christopher T. Staiti, Esquire
                        STAITI & DIBLASIO, LLP
                        MD Fed. Bar. No. 28738
                        401 Headquarters Drive, Suite 202
                        Millersville, Maryland 21108
                        Phone: (410) 787-1123
                        Fax: (443) 628-0093
                        cstaiti@Staiti-DiBlasio.com

                        ATTORNEY IN CHARGE FOR
                        Defendants Canton's Pearls, LLC and
                        Eric Hamilton

<u>CERTIFICATE OF CONFERENCE</u>

      I certify that I on October 20, 2016, I sent correspondence to Plaintiff's counsel relating to the Paychex Subpoena which was refuted by same on October 21, 2016. *See Exhibit D [Email communication]*. The Paychex Subpoena was briefly raised again by telephone on October 25, 2016 to no result. In light of the existing Order of July 29, 2016 excusing Defendants from certain production and no Order existing to the contrary, Defendants assert it would be unreasonable to impose any obligation on same to confer. Again, here it is Plaintiff, not Defendants, who are seeking discovery in contravention to an existing Order of this Court.

                        /s/ Christopher Staiti
                        Christopher T. Staiti, Esquire

## CERTIFICATE OF SERVICE

I certify that I sent a copy of Defendants' Motion for Protective Order and Motion to Modify Subpoena was served this 27th day of October, 2016 via ECF on all parties authorized to accept service by ECF.

                                                /s/ Christopher Staiti
                                                Christopher T. Staiti, Esquire