IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Kristofer Prusin | * | |
| Plaintiff | | |
| | * | |
| v. | | Case No. JKB-16-0605 |
| | * | |
| Canton's Pearls, LLC, et al., | * | |
| Defendants | * | |

**PLAINTIFF PRUSIN'S THIRD SET OF
REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT CANTON'S PEARLS, LLC**

TO:     Canton's Pearls, LLC, Defendant

From:   Kristofer Prusin, Plaintiff

Pursuant to Fed. R. Civ. P. 34, and L.R. 104, the Plaintiff, Mr. Kristofer Prusin, by his undersigned attorneys, requests that Defendant, Canton's Pearls, LLC, respond to this Request within the time prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection and copying on November 15, 2016, at 10:00 a.m., and continuing from day to day thereafter, until completed, at the offices of Bradford W. Warbasse, Esq., Attorney at Law, 401 Washington Avenue, Suite 200, Towson, Maryland 21204, or at such time and place as may be agreed upon by all counsel.

## INSTRUCTIONS

1. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Whenever in this Request you are asked to identify or produce a document which is

deemed by you to be properly withheld from production for inspection or copying:

    A.    If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

    B.    If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶2.A, above, please state the reason for withholding the document.

3.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4.   It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

5.   If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1.   *Communication:* The term "communication" means the transmittal of information by any means.

2.   *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3.   *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document". The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those

terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

4. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

5. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

6. *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

7. *Plaintiffs*: The term "Plaintiff" refers to Kristofer Prusin.

8. *Defendant(s)*: The term "Defendant" refers to Canton's Pearls, LLC. The term "Defendants" refers to Canton's Pearls, LLC and Eric K. Hamilton, collectively.

9. *You/Your:* The terms "you" or "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives and attorneys.

10. *Identify (with respect to persons):* When referring to a person, to "identify" means information referencing a person's full name, present or last known address, and/or telephone number, and when referring to a natural person, additionally, the present or last known place of employment.

11. The present tense includes the past and future tenses. The singular includes the plural,

and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

12.   If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

**REQUEST FOR PRODUCTION
OF DOCUMENTS**

**REQUEST NUMBER ONE**:  Please produce all Employee Time Card and Job Detail Reports and Employee Sales and Tip Totals Reports for every employee for calendar years 2013, 2014 and 2015.

**REQUEST NUMBER TWO.**  Please produce all documents which refer or relate to each sales transaction completed by the Plaintiff, including but not limited to, the checks presented to or signed by each customer, during calendar years 2013, 2014 or 2015.

Respectfully submitted,

| | |
|---|---|
| *(w/ permission)* <br> Howard B. Hoffman, Esq. <br> Federal Bar No. 25965 <br> 600 Jefferson Plaza, Ste. 304 <br> Rockville, Maryland 20852 <br> (301) 251-3752 <br> (301) 251-3752 (fax) <br> hhoffman@hoholaw.com <br><br> *Counsel for Plaintiffs* | /s/ Bradford W. Warbasse <br> Bradford W. Warbasse, Esq. <br> Federal Bar No. 07304 <br> 401 Washington Avenue, Ste. 200 <br> Towson, Maryland 21204 <br> (410) 337-5411 <br> (410) 938-8668 <br> warbasselaw@gmail.com <br><br> *Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 13, 2016, a copy of the Plaintiff Prusin's First Set of Request for Production of Documents to Defendant Eric K. Hamilton was LLC was sent by United States Mail, first class, postage prepaid, to:

>Christopher T. Staiti, Esq.
>Staiti & DiBlasio, LLP
>401 Headquarters Drive
>Suite 202
>Millersville, Maryland  21108

*/s/ Bradford W. Warbasse*
Bradford W. Warbasse