**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 22, 2016

LETTER TO COUNSEL

RE:   *Kristofer Prusin v. Canton's Pearls, LLC, (t/a "Canton Dockside"), et al.*;
      Civil No. JKB-16-605

Dear Counsel:

On March 2, 2016, Plaintiff Kristofer Prusin filed a complaint against Defendants Canton's Pearls, LLC's (t/a "Canton Dockside") and its owner, Eric K. Hamilton, under the Fair Labor Standards Act ("FLSA") and Maryland State law. [ECF No. 1]. Plaintiff, a former Canton Dockside employee, alleged that Defendants failed to pay him the statutory minimum wage and overtime wages due during his employment. *Id.* In response, Defendants argue that Plaintiff was paid all wages owed. [ECF No. 2]. Presently pending is Defendants Motion for Protective Order and Motion to Modify Subpoena. [ECF No. 17]. Plaintiff has filed an opposition. [ECF No. 21]. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth herein, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

## I.   BACKGROUND

On May 17, 2016, the Court entered a scheduling order providing a discovery deadline of October 17, 2016. [ECF No. 7]. On May 18, 2016, Plaintiff served Defendants with initial discovery requests. [ECF No. 9]. Although Defendants responded to Plaintiff's interrogatories, Plaintiff contends that Defendants failed to produce several of the documents requested. *Id.* After conferring with Defendants' counsel to address purported deficiencies, Plaintiff filed a Motion to Compel. *Id.* On July 28, 2016, Judge Bredar held a telephone conference to discuss Plaintiff's Motion. [ECF No. 12]. Subsequently, Judge Bredar ordered Defendants to produce "all payroll records relating to Plaintiff's employment for the period extending from March 2, 2013, through March 2, 2016[,]" and "any documentary evidence reasonably relevant to Plaintiff's wage claim, including written policies and procedural documents to the extent such documents exist[.]" *Id.* However, Judge Bredar, "[f]or the time being…excused [Defendants] from producing the identities of tip-credit witnesses, including tipped employees[.]" *Id.* Additionally, Judge Bredar modified the discovery deadline to November 17, 2016. *Id.*

On October 7, 2016, Plaintiff served Defendants with a second set of discovery requests, seeking the production of all operating records, daily revenue records, service charge records, gross income records, and tax records for the years 2013 through 2015. [ECF No. 17, Ex. 1]. On October 13, 2016, Plaintiff served Defendants with a third set of discovery requests, seeking all employee time card and job detail reports, employee sales and tip totals reports, and all

*Kristofer Prusin v. Canton's Peals, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
December 22, 2016
Page 2

documents relating to each sales transaction completed by Plaintiff.  [ECF No. 17, Ex. 2].  On October 14, 2016, Plaintiff also served a Subpoena Deuces Tecum on Paychex, Inc.,[1] requesting production of all payroll records and several IRS forms for the years 2013 through 2015, all documents relating to the taking of credit under Section 45(b) of the Internal Revenue code, all documents provided to it by or on behalf of Defendants, and all contracts or agreements with Defendants.  [ECF No. 17, Ex. 3].  On October 27, 2016, Defendants filed the instant Motion for Protective Order and Motion to Modify Subpoena.  [ECF No. 17].  In its motions, Defendants argue that Plaintiff's discovery requests are overly broad and request personally identifiable information ("PII") of non-party employees.  *Id.*  In opposition, on November 14, 2016, Plaintiff filed a response contending that he is entitled to the requested productions because they are necessary to determine whether service charge payments may be counted towards Defendants' wage obligations under the FLSA.  [ECF No. 21].  Finally, on December 5, 2016, the Court conducted a telephone conference to discuss the instant motions.

## II.   DISCUSSION

As an initial matter, the FLSA requires employers to pay "nonexempt employees" a $7.25 minimum wage for each hour worked.  29 U.S.C. § 206(a).  However, the FLSA provides an exception, commonly referred to as a tip credit, which allows employers to pay less than the minimum wage to employees who receive tips or non-tip wages such as mandatory service charges.[2]  29 U.S.C. § 203(m); *Morataya v. Nancy's Kitchen of Silver Spring, Inc.*, No. GJH-13-01888, 2015 WL 165305, at *7 (D. Md. Jan. 12, 2015).  "Under this provision, an employer may pay a tipped employee less than $7.25 (but at least $2.13) an hour if the combination of the employee's wages and tips equates to at least $7.25 per hour."  *Morataya*, 2015 WL 165305, at *6.  Employers may "offset up to fifty percent of all tips received" against its minimum wage obligations.  *McFeeley v. Jackson St. Entm't, LLC*, No. DKC 12-1019, 2012 WL 5928769, at *4 (D. Md. Nov. 26, 2012).  In contrast, "service charges and other similar sums which become part of the employer's gross receipts are not tips," but "may be used in their *entirety* to satisfy the monetary requirements of the [FLSA]."  29 C.F.R. § 531.55(b) (emphasis added).  "There are at least two prerequisites to counting service charges as an offset to an employer's minimum-wage liability. The service charge must have been included in the establishment's gross receipts, and it must have been distributed by the employer to its employees. These requirements are necessary to ensure that employees actually received the service charges as part of their compensation as opposed to relying on the employer's assertion or say-so."  *McFeeley v. Jackson St. Entm't, LLC*, 825 F.3d 235, 246 (4th Cir. 2016) (internal citations and quotations omitted).

## A.   MOTION FOR PROTECTIVE ORDER

---

[1] I note that Paychex, Inc. is not a party to this action, but instead maintains Defendant Canton Dockside's payroll records.

[2] A "service charge" is a "compulsory charge for service…imposed on a customer by an employer's establishment." 29 C.F.R. § 531.55(a).

*Kristofer Prusin v. Canton's Peals, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
December 22, 2016
Page 3

Plaintiff seeks discovery of Defendant Canton Dockside's financial and personnel records in order to determine whether service charge payments left by customers may be counted towards Defendants' wage obligations under the FLSA. [ECF No. 21]. Defendants contend that the discovery at issue exceeds the scope of Plaintiff's claim and discloses the personally identifiable information ("PII") of non-party employees. [ECF No. 17] (asserting that disclosure will provide Plaintiff "access to Canton Dockside's employees' social security numbers, home addresses, and specific pay information."). In opposition, Plaintiff argues that that he is entitled to the discovery because it is necessary to determine whether service charge payments may be counted towards Defendants' wage obligations under the FLSA. [ECF No. 21].

Under Federal Rule of Civil Procedure 26(b), parties may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance, rather than admissibility, governs whether information is discoverable. *See id.*; *Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab*, 171 F.R.D. 179, 181 (D. Md. 1997). Information sought need only "appear[] [to be] reasonably calculated to lead to the discovery of admissible evidence" to pass muster. *See Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 377 (D. Md. 2014) (citing Fed. R. Civ. P. 26(b)(1)). However, even in the case of relevant information, "the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). Instead, Rule 26(b) inserts a proportionality requirement into the amount and content of the discovery sought, and requires courts to consider the "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Significantly, Rule 26(c)(1) permits courts to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "This undue burden category encompasses situations where [a party] seeks information irrelevant to the case." *U.S. Home Corp. v. Settlers Crossing, LLC*, No. DKC-08-1863, 2013 WL 553282, at *7 (D. Md. Oct. 3, 2013) (internal citations and quotation marks omitted). "Thus, if the discovery sought has no bearing on an issue of material fact—*i.e.*, if it is not relevant—a protective order is proper." *Id.* (citations and quotation marks omitted).

Where a protective order is sought, the moving party bears the burden of establishing good cause. *See Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D. Md. 2012). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988). In other words, "the Court must weigh the need for the information versus the harm in producing it." *A Helping Hand, LLC v. Baltimore Cnty., Md.*, 295 F. Supp. 2d 585, 592 (D. Md. 2003) (internal quotation marks omitted). The standard for issuance of a protective order is high. *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125 (D. Md. 2009). However, trial courts

*Kristofer Prusin v. Canton's Peals, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
December 22, 2016
Page 4

have broad discretion to decide "when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

   **i.    Plaintiff's Second Request for Production of Documents, Request Numbers Two, Three, Four; and Third Request for Production of Documents, Request Number One**

   Plaintiff's Second Request for Production of Documents, Request Numbers Two, Three, and Four, ask Defendants to produce all documents which refer or relate to: "daily revenues received, including but not limited to, documents evidencing credit card sales, credit card tips and payments of same, and cash sales in total and by server/bartender;" "service charges received, including but not limited to, credit card receipts;" and "daily operations of Canton Dockside restaurant, including any daily operating reports and/or sales reports." [ECF No. 17, Ex. 1]. Plaintiff's Third Request for Production of Documents, Request Number One, asks Defendants to produce "all Employee Time Card and Job Detail Reports and Employee Sales and Tip Totals Reports for every employee[.]" [ECF No. 17, Ex. 2]. Plaintiff contends that this discovery permits Plaintiff to "meaningfully examine whether the mandatory service charges are reported as income on the employer's tax returns." [ECF No. 21]. Defendants contend that Plaintiff's requests are overly broad, unduly burdensome, and irrelevant to the extent it seeks information on Canton Dockside employees beyond Plaintiff. [ECF No. 17].

   This Court has previously permitted the discovery of employer operations records in FLSA matters, including "sales and tip reports," "cash receipts," and "payroll summary reports." *Selby v. Sip & Bite Rest., Inc.*, No. MJG-13-1531, 2014 WL 583071, at *7 (D. Md. Feb. 12, 2014). However, several of Plaintiff's discovery requests, most significantly Plaintiff's Third Request for Production of Documents, Request Number One, threaten to disclose PII of non-party employees. Ultimately, as discussed below, Defendants' Motion for Protective Order will be granted to limit the disclosure of non-party employee PII, pending the production of Defendants' gross receipts and tax records.

   On December 5, 2016, the Court conducted a telephone conference to discuss the extent of discovery exchanged between the parties. Notably, the parties informed the Court that they had shared minimal discovery to date. Most significantly, Plaintiff's counsel averred that he had yet to receive any discovery relating to Defendants' gross receipts or tax records. As noted above, a threshold issue in this case is whether Defendants' service charges may be properly applied against their statutory minimum wage obligation. Indeed, courts frequently hold that, for a fee to constitute a service charge, "it must have been included in the establishment's gross receipts." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 929 (S.D.N.Y. 2013)*; see id.* (noting that "[i]f inclusion of payments in gross receipts entitles an employer to treat those payments as service charges, it is reasonable to treat exclusion of payments from gross receipts as indicating that they are not service charges."); *see Chan v. Sung Yue Tung Corp.,* No. 03-CIV-6048-GEL, 2007 WL 313483, at *15 (S.D.N.Y. 2007) (noting that if the fee "paid by customers was a service charge, the full amount should have been included in the defendants' gross receipts, and any portion paid to plaintiffs should have been paid as wages and reported as such

*Kristofer Prusin v. Canton's Peals, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
December 22, 2016
Page 5

on plaintiffs' W-2 forms."); *see Reich v. Priba Corp.,* 890 F.Supp. 586, 595 (N.D. Tex. 1995) ("The fact that all of the table dance fees are not reported as gross receipts is fatal to Cabaret Royale's claim that the tips are more properly classified as wages."); *see Reich v. ABC/York-Estes Corp.,* No. 91-C-6265, 1997 WL 264379, at *5 (N.D. Ill. 1997) ("This court agrees…that an employer must include payments in its records as gross receipts as a prerequisite to 'service charge' classification under the FLSA."). Here, Defendants have yet to produce documentation of their gross receipts as directed in Plaintiff's Second Request for Production.[3] [ECF No. 17, Ex. 1]. Similarly, as discussed below, Defendants have yet to produce Canton Dockside's tax records, which are necessary to show that Defendants characterized its tips as wages and elected to receive a tip credit.  Without this critical information, Plaintiff is unable to use the remaining discovery requested to "meaningfully examine whether the mandatory service charges are reported as income[.]"  [ECF No. 21].  Accordingly, until such discovery is exchanged, this Court need not determine whether to permit the full extent of Plaintiff's requested discovery.

Therefore, Defendants' Motion for Protective Order as to Plaintiff's Second Request for Production, Request Numbers Two Three and Four, and Third Request for Production, Request Number One, is granted in part and denied in part.  Defendants are instructed to produce all documents relating to their gross receipts as detailed in Plaintiff's Second Request for Production, Request Number Five.  [ECF No. 17, Ex. 1].  In addition, Defendants are instructed to comply with Plaintiff's Second Request for Production, Numbers Two, Three, and Four; and Plaintiff's Third Request for Production, Number One, but only to produce records that pertain to Plaintiff.  For the time being, and pending the aforementioned productions, Defendants will not be required to produce discovery under these requests that discloses the PII of non-party employees.  However, to the extent Defendants are asserting that mandatory service charges are reported as income, Plaintiff will need documentation to corroborate or refute that claim.  My ruling here is simply that it is premature to know information about other employees is necessary to determine how mandatory service charges are treated.

### ii.    Plaintiff's Second Request for Production of Documents, Request Number One

Plaintiff's Second Request for Production of Documents, Request Number One, asks Defendants to produce:

> [A]ll documents which refer, reflect or relate to the payment of Federal or state taxes of any kind, including but not limited to, IRS Form(s) 941 (employer's quarterly federal tax return), IRS Form(s) 8846 (credit for employer social security and Medicare taxes on certain employer tips), and IRS Form(s) 944 (employer's annual federal tax return), any monthly, quarterly, or annual tax returns together with all attachments, schedules and worksheets, for tax years 2013, 2014 and 2015.

---

[3] I note that Defendants did not object to Plaintiff's discovery request for "all documents that demonstrate that service charges were including in the restaurant's gross income (receipts)." [ECF No. 17, Ex. 1].

*Kristofer Prusin v. Canton's Peals, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
December 22, 2016
Page 6

[ECF No. 17, Ex. 1].  Defendants contend that this request is "overly broad and not narrowly tailored in light of the privacy concerns" they have raised.  [ECF No. 17].  Most significantly, Defendants claim that "[if] Plaintiff receives these documents, he will have access to Canton Dockside's employees' social security numbers, home addresses, and specific pay information." *Id.*

Although the Fourth Circuit has not developed a clear rule as to the discoverability of tax returns, in general, disclosure of tax returns is disfavored.  *Susko v. City of Weirton*, No. 5:09-CV-1, 2010 WL 3584425, at *3 (N.D. W.Va., Sept. 10, 2010) ("Judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns"); *Eastern Auto Distribs., Inc. v. Peugeot Motors of Am., Inc.*, 96 F.R.D. 147, 148-49 (E.D. Va. 1982) ("A 'qualified' privilege emerges from the case law that disfavors the disclosure of income tax returns as a matter of general federal policy").  "The majority rule that has emerged from federal case law is that a two-prong test should be applied to determine if the qualified privilege protecting tax returns is overcome."  *Hastings v. OneWest Bank, FSB*, No. GLR-10-3375, 2013 WL 1502008, at *2 (D. Md. Apr. 11, 2013) (internal citations omitted).  "Under this test, tax returns are discoverable if (1) they are relevant to a matter in dispute; and (2) they are needed, because the information is not available from other sources."  *Id*.  "The party seeking disclosure carries the burden to show that the tax returns are relevant, and the resisting party carries the burden to identify an alternate source of the information."  *Id*.

Here, it is clear that the tax returns sought are relevant.  Notably, Defendant Canton Dockside's tax returns would demonstrate whether Canton Dockside took a tip credit on the payments it claims as wages, and therefore whether those payments may offset Defendants' minimum wage obligations.  Moreover, applying the two-prong test, Defendants have not met their burden of showing that the information in the tax returns is readily obtainable from records previously disclosed.  Furthermore, Defendants fail to show how the disclosure of Canton Dockside's tax records, specifically Forms 941, 946, and 8846, jeopardize the release of PII.  Contrary to Defendants' assertion, the forms at issue do not require the disclosure of any individual employee information.  Instead, these forms seek summarized financial information concerning the employer's total wages, tips, and other compensation.  *See* IRS Forms 941, 946, and 8846.  Regardless, in the event that any discovery to be produced under this request contains PII of non-party employees, Defendants are permitted to redact it.  Moreover, because Canton Dockside's tax records contain sensitive financial information, they should be produced under a confidential designation for attorney's eyes only.  *Randolph v. ADT Sec. Servs., Inc.*, No. DKC 09-1790, 2012 WL 2234362, at *11 (D. Md. June 14, 2012); *see Pittston Co. v. United States,* 368 F.3d 385, 406 (4th Cir. 2004) (affirming decision to seal certain "confidential, proprietary, commercial, or financial data" that was produced under a protective order).  Accordingly, Defendants' Motion for Protective Order as to Plaintiff's Second Request for Production, Request Number One, is granted in part and denied in part.

*Kristofer Prusin v. Canton's Peals, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
December 22, 2016
Page 7

## B. MOTION TO MODIFY SUBPOENA

Finally, Defendants filed a Motion to Modify the Subpoena Duces Tecum issued to Paychex, Inc. by Plaintiff.  On October 14, 2016, Plaintiff served a subpoena on Paychex, Inc. requesting production of the following records:

(1) All payroll records for the years 2013, 2014, and 2015 for Canton's Pearls, LLC.

(2) All IRS Forms 940 for 2013, 2014, and 2015 for Canton's Peals, LLC.

(3) All IRS Forms 941 for 2013, 2014, and 2015 for Canton's Peals, LLC.

(4) All IRS Forms 944 for 2013, 2014, and 2015 for Canton's Peals, LLC.

(5) All documents relating to the taking of credit under Section 45(b) of the Internal Revenue Code.

(6) All IRS Form W-2s for 2013, 2014, and 2015 for Canton's Pearls, LLC.

(7) All documents which were provided to you by or on behalf of Canton's Pearls, LLC at any time during the period from January 1, 2013 to December 31, 2015;

(8) All contracts or agreements with Canton's Pearls, LLC.

[ECF No. 17, Ex. 3].  In their Motion to Modify Subpoena, Defendants assert that the Paychex, Inc. subpoena "subjects a non-party to an undue burden" in violation of Federal Rule of Civil Procedure 45(d)(3)(A)(iv).  [ECF No. 17]; *see* Fed. R. Civ. P. 45(d)(3)(A)(iv).  Moreover, Defendants ask this Court to modify the subpoena by "[l]imiting the scope of…numbered requests 1 and 6, to records that only and directly relate to Plaintiff," and "[r]estricting disclosure of any portion of the [subpoena], numbered requests 5, 7, and 8, to the extent same specifically identify or reference any non-management employee of Canton Dockside other than Plaintiff[.]" [ECF No. 17].  In opposition, Plaintiff argues that the subpoena production requests are required to determine whether Defendants may properly apply service charges against their minimum wage obligations.  [ECF No. 21].

Federal Rule 45(d)(3) directs courts to quash or modify a subpoena that, inter alia, "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter," or "subjects [the recipient] to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).  As noted above, Plaintiff has not yet received discovery of Canton Dockside's gross receipts or tax records, without which he is unable to determine whether Defendants satisfied their minimum wage obligations.  For that reason, pending the discovery of Defendants' gross receipts and tax records, Plaintiff's Paychex, Inc. subpoena is modified to limit the scope of numbered requests 1 and 6 to records pertaining to Plaintiff.  Also, at this time, Paychex, Inc. need not produce

*Kristofer Prusin v. Canton's Peals, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
December 22, 2016
Page 8

records responsive to requests 5, 7, and 8 that disclose PII of any non-party employee.  Plaintiff
may renew his motion, if appropriate, after receiving Defendants' other financial discovery.

### III.      CONCLUSION

For the reasons discussed above, Defendants' Motion for Protective Order and Motion to
Modify Subpoena, [ECF No. 17], is GRANTED IN PART and DENIED IN PART.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as
an Order.

Sincerely,


_____/s/_____
Stephanie A. Gallagher
United States Magistrate Judge