**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 11, 2017

LETTER TO COUNSEL

RE:     *Kristofer Prusin v. Canton's Pearls, LLC, (d/b/a "Canton Dockside"), et al.*;
        Civil No. JKB-16-605

Dear Counsel:

On March 2, 2016, Plaintiff Kristofer Prusin filed a complaint against Defendants Canton's Pearls, LLC's (d/b/a "Canton Dockside") and its owner, Eric K. Hamilton, alleging violations of the Fair Labor Standards Act ("FLSA") and Maryland State law. [ECF No. 1]. Presently pending is Plaintiff's Motion to Deem Admitted Unanswered Second Set of Requests for Admission. [ECF No. 22]. I have also reviewed Defendants' opposition, [ECF No. 26], and Plaintiff's reply thereto, [ECF No. 30]. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth herein, Plaintiff's Motion will be DENIED.

## I.      BACKGROUND

On May 17, 2016, the Court entered a scheduling order providing a discovery deadline of October 17, 2016. [ECF No. 7]. On July 28, 2016, Judge Bredar held a telephone conference and extended the discovery deadline to November 17, 2016. [ECF No. 12]. On October 12, 2016, Plaintiff served Defendants with a second set of requests for admission due November 11, 2016. [ECF No. 22]. On November 7, 2016, the parties submitted a joint status report informing the Court that they would be unable to complete discovery by November 17, 2016. [ECF No. 19]. On November 9, 2016, the Court approved the parties' joint status report and ordered that dispositive motions were to be due 30 days after the new discovery deadline, which has yet to be determined. [ECF No. 20]. Defendants subsequently failed to respond to Plaintiff's second set of requests for admission by the November 11, 2016 deadline.

## II.     DISCUSSION

Plaintiff's Second Set of Requests for Admission asked Defendants to admit eleven items, many of which pertained to the issue of Defendants' treatment of mandatory service charges. Plaintiff now moves the Court to deem all eleven statements admitted, because Defendants failed to timely respond. [ECF No. 22]. In opposition, Defendants contend that admission is unwarranted. [ECF No. 26]. Additionally, Defendants submitted substantive responses to Plaintiff's Second Set of Requests for Admission as an attachment to their opposition. *Id.*

*Kristofer Prusin v. Canton's Pearls, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
January 11, 2016
Page 2

Federal Rule of Civil Procedure 36 governs requests for admission. Under that rule, a party "may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" that relate to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). In response to a request for an admission, the answering party must either admit the matter requested or, "[i]f a matter is not admitted…specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "[A] party's failure to respond to a request for admission within 30 days of service will result in admission by default." *Union Pac. R. Co. v. Baltimore & Annapolis R. Co.*, No. CIV. SKG-08-2685, 2009 WL 3633349, at *2 (D. Md. Oct. 27, 2009); *see* Fed. R. Civ. P. 36(a)(3); *see also* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").

However, Fed. R. Civ. P. 36 does not require the Court to treat all facts as admitted when a party fails to timely respond to requests for admission. *See Uribe v. Aaron's, Inc.*, No. GJH-14-0022, 2014 WL 4851508, at *3 (D. Md. Sept. 26, 2014); *see also United States v. Turk,* 139 F.R.D. 615, 617-18 (D. Md.1991) (recognizing that "the sanctions expressed by Federal Rule of Civil Procedure 36(a) are not mandatory" for the court). Specifically, Fed. R. Civ. P. 36 provides that this Court may shorten or lengthen the time a party is allowed to respond to requests for admission. *See* Fed. R. Civ. P. 36(a)(3); *Uribe*, 2014 WL 4851508, at *3. "As such, the Court may, in its discretion, allow a party more time to file a response to requests for admission even though that response might otherwise be untimely." *Uribe*, 2014 WL 4851508, at *3; *see, e.g.*, *Nguyen v. CNA Corp.*, 44 F.3d 234 (4th Cir. 1995) (noting that it is within the district court's discretion whether to deem requests as admitted or whether to allow an extension of time to respond); *Donovan v. Porter*, 584 F. Supp. 202, 208 (D. Md. 1984) (same); *Turk,* 139 F.R.D. at 618 (same).

Defendants' arguments in response to Plaintiff's motion are largely unpersuasive. Defendants first claim that admission by default would be improper because Defendants responded to Plaintiff's requests in discovery. Specifically, Defendants claim that "[a]t the time Plaintiff served his Second Set of Requests for Admission, Plaintiff had already reviewed Defendants' Expert Witness Report which specifically asserts that the mandatory service charges imposed by Canton Dockside are given back to tipped employees[.]" [ECF No. 26]. That argument is unavailing, because "[f]ailure to respond to requests for admission cannot be excused with the simple response that [Plaintiff] possessed the relevant documents." *Grabey v. Ford Motor Co.*, 89 F.R.D. 575, 576 (E.D. Pa. 1981). Accordingly, the fact that Defendants allegedly answered Plaintiff's requests in their expert witness report does nothing to vitiate their obligation to respond directly to Plaintiff's requests for admission. Next, Defendants claim that admission would be improper because Defendants' obligation to respond to Plaintiff's requests was stayed. [ECF No. 26]. Although the Court approved the parties' joint status report, which acknowledged the parties' inability to complete discovery by the November 17, 2016 deadline, the Court did not stay Defendants' discovery obligations. *See* [ECF Nos. 19, 20]. Indeed, Defendants' argument is belied by their contemporaneous claim that they have continued to produce discovery. *See*, *e.g.*, [ECF No. 25]. Finally, Defendants argue that admission would be

*Kristofer Prusin v. Canton's Pearls, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
January 11, 2016
Page 3

improper because Plaintiff's requests seek legal conclusions.   [ECF No. 26].   Contrary to Defendants' assertion, Plaintiff's requests are proper.   Specifically, Plaintiff's requests regarding Defendants' mandatory service charges are "questions of fact" permitted under Fed. R. Civ. P. 36.   *See* Fed. R. Civ. P. 36(a)(1)(A) ("A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either.").   Plaintiff's requests do not seek legal conclusions, and therefore are not objectionable, merely because Defendants' answers may have legal consequence.   *See* [ECF No. 30].

Despite those unsuccessful arguments, it would not further the interests of justice to admit Plaintiff's requests for admission by default.   Notably, Plaintiff seeks the admission of central facts in dispute between the parties.   *See Uribe v. Aaron's, Inc.*, No. GJH-14-0022, 2014 WL 4851508, at *3 (D. Md. Sept. 26, 2014) (citing *Pickens v. Equitable Life Assur. Soc. of U.S.*, 413 F.2d 1390, 1393 (5th Cir.1969) (holding that requests for admission regarding central facts in dispute are beyond the proper scope of the rule that requests not specifically denied or objected to in writing shall be deemed admitted)).   Indeed, Plaintiff's requests go to the heart of his case against Defendants; namely, whether Canton Dockside's service charge payments may be counted towards Defendants' wage obligations under the FLSA.   *See* [ECF No. 21].   An admission that Canton Dockside did not include mandatory service charges in its gross receipts would vitiate Defendants' argument that it met its FLSA obligations through the tip credit provision.[1]   Thus, "to conclusively find the facts central to this litigation against [Defendants'] without giving [them] an opportunity to be heard would not further the interests of justice." *Turk*, 139 F.R.D. at 618.   Moreover, "Defendants did file responses to [Plaintiff's] requests for admission, albeit in an untimely fashion." *Donovan v. Porter*, 584 F. Supp. 202, 208 (D. Md. 1984); *see* [ECF No. 26, Ex. 3].   To deem Plaintiff's requests admitted despite Defendants' untimely answers would be inconsistent "with the purpose of Rule 36(b) which 'emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'" *Uribe*, 2014 WL 4851508, at *3 (quoting Fed. R. Civ. P. 36 Advisory Committee's Note on Rules—1970 Amendment).   Moreover, Defendants are entitled to dispute Plaintiff's argument regarding their mandatory service charges, and Plaintiff will suffer no prejudice if Defendants' late answers are allowed.   Therefore, the Court will not admit Plaintiff's requests for admission.   Rather, the Court will accept Defendants' belated answers as attached to their opposition, and Plaintiff's Motion [ECF No. 22] is DENIED.

---

[1] The FLSA requires employers to pay "nonexempt employees" a $7.25 minimum wage for each hour worked. 29 U.S.C. § 206(a).   However, the FLSA provides an exception, commonly referred to as a tip credit, which allows employers to pay less than the minimum wage to employees who receive tips or non-tip wages such as mandatory service charges.   29 U.S.C. § 203(m); *Morataya v. Nancy's Kitchen of Silver Spring, Inc.*, No. GJH-13-01888, 2015 WL 165305, at *7 (D. Md. Jan. 12, 2015).   "There are at least two prerequisites to counting service charges as an offset to an employer's minimum-wage liability. The service charge *must have been included in the establishment's gross receipts*, and it must have been distributed by the employer to its employees." *McFeeley v. Jackson St. Entm't, LLC*, 825 F.3d 235, 246 (4th Cir. 2016) (internal citations and quotations omitted) (emphasis added).

*Kristofer Prusin v. Canton's Pearls, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
January 11, 2016
Page 4


        Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

                    Sincerely,


                    _____/s/_____
                    Stephanie A. Gallagher
                    United States Magistrate Judge