IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | |
|---|---|
| **Kristofer Prusin,** * | |
| **Plaintiff** * | |
| v. * | Case No. JKB-16-0605 |
| **Canton's Pearls, LLC, et al.,** * | |
| **Defendants** * | |

### PLAINTIFF'S MOTION TO OBTAIN PAYROLL RECORDS AND PERSONAL INDENTIFYING INFORMATION OF A FORMER EMPLOYEE

Plaintiff, by his undersigned counsel, hereby requests that the Court require Defendants to produce the maiden name, home address, dates of employment and employee number of Tracey Dunaway, a former tipped employee, allow Plaintiff to subpoena her payroll records from Paychex, Inc., and states:

### Background

By Order dated July 29, 2016, the Court ruled, without prejudice, that "[f]or the time being, and absent further Order of the Court, Defendants are EXCUSED from producing the identities of tip-credit witnesses, including tipped employees." (ECF Doc. 12). The Court subsequently ruled by Order dated December 22, 2016, that "at this time, Paychex, Inc. need not produce records … that disclose PII [Personal Identifying Information] of any non-party employee,' subject to Plaintiff's right to renew his motion for the same, if appropriate. (ECF Doc. 28).

### Argument

Plaintiff has received reliable information that Tracey Dunaway (married name) was initially paid overtime compensation during her employment as a tipped employee, that

1

Defendant Eric Hamilton thereafter informed Ms. Dunaway that she would no longer be paid overtime compensation when she worked more than forty hours per week, and Ms. Dunaway subsequently stopped receiving overtime compensation for the duration of her employment. Defendants have testified that they did not know that tipped employees were required to be paid overtime compensation, and are asserting that their FLSA violations were not "willful" under the Supreme Court's standard in McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 1688, 100 L. Ed. 2d 115 (1988). In short, the requested information is highly relevant to an important issue and will be used to responding to Defendants' Motion for Partial Summary Judgment. (ECF Doc. 27). Defense counsel has declined to provide PII for Ms. Dunaway.

## Conclusion

WHEREFORE, Plaintiff respectfully requests that the Court Grant this Motion by Ordering Defendants to provide the maiden name, home address, dates of employment and employee number of Tracey Dunaway and authorizing Plaintiff to subpoena Ms. Dunaway's payroll records from Paychex, Inc.

Respectfully submitted,

| | |
|---|---|
| __/s/ (with permission)_____ | _/s/ Bradford W. Warbasse__ |
| Howard B. Hoffman, Esq. | Bradford W. Warbasse, Esq. |
| Federal Bar No. 25965 | Federal Bar No. 07304 |
| 600 Jefferson Plaza, Ste. 304 | 401 Washington Avenue, Ste. 200 |
| Rockville, Maryland 20852 | Towson, Maryland 21204 |
| (301) 251-3752 | (410) 337-5411 |
| | |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2017, a copy of the Plaintiff's Motion to Obtain Payroll Records and Personal Identifying Information of a Former Employee, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

                                                                               _/s/ Bradford W. Warbasse_
                                                                               Bradford W. Warbasse