**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 28, 2017

LETTER TO COUNSEL

RE: *Kristofer Prusin v. Canton's Pearls, LLC, (d/b/a "Canton Dockside"), et al.*;
Civil No. JKB-16-605

Dear Counsel:

On March 2, 2016, Plaintiff Kristofer Prusin filed a complaint against Defendants Canton's Pearls, LLC (d/b/a "Canton Dockside") and its owner, Eric K. Hamilton, under the Fair Labor Standards Act ("FLSA") and Maryland State law. [ECF No. 1]. Presently pending is Plaintiff's Motion to Modify the Discovery Order and to Compel Discovery, and the opposition and reply thereto. [ECF Nos. 45, 47, 49]. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth herein, Plaintiff's Motion will be GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

On May 17, 2016, Judge Bredar entered a scheduling order providing a discovery deadline of October 17, 2016. [ECF No. 7]. On July 28, 2016, Judge Bredar extended the discovery deadline to November 17, 2016. [ECF No. 12]. On October 7, 2016, Plaintiff served Defendants with a set of discovery requests seeking the production of all gross income receipts for the years 2013 through 2015. [ECF No. 17, Ex. 1]. On November 7, 2016, the parties submitted a joint status report informing the Court that they would be unable to complete discovery by November 17, 2016. [ECF No. 19]. On November 9, 2016, the Court approved the parties' joint status report and ordered that dispositive motions were to be due 30 days after the new discovery deadline as modified by the Court. [ECF No. 20].

On February 7, 2017, the Court held a hearing to set a revised scheduling order and resolve the parties' discovery issues. [ECF No. 43]. Following the hearing, the Court entered a revised scheduling order providing a discovery deadline of April 20, 2017. [ECF No. 44]. On February 14, 2017, Plaintiff filed the instant motion. [ECF No. 45].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining proportionality, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

*Kristofer Prusin v. Canton's Peals, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
March 28, 2017
Page 2

whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Federal Rule 34, which governs requests for document production, permits parties to request the production of any documents or electronically stored information within another party's possession, custody, or control. Fed. R. Civ. P. 34(a).

### III.   DISCUSSION

Plaintiff asks this Court to (1) modify its revised scheduling order, and (2) to compel Defendants' production of Canton Dockside's Quickbooks data. [ECF No. 45]. Defendants join Plaintiff's scheduling requests, but contend that they are not required to produce Canton Dockside's Quickbooks data because Plaintiff has failed to adequately specify the records he seeks to compel. [ECF No. 47].

Beginning with the proposed schedule modifications, Plaintiff requests that the Court "allow [him] until May 1, 2017 to file [his] rebuttal report," and until May 19, 2017 to file "supplementation of the expert reports." [ECF No. 45]. Plaintiff also seeks to extend the close of discovery to May 31, 2017. *Id.* Defendants do not object to Plaintiff's request to extend the rebuttal report deadline, and join Plaintiff's other proposed scheduling order modifications. [ECF No. 47]. Additionally, Defendants "specifically request an extension for their expert supplements deadline to May 19, 2017." *Id.* In light of the parties' agreement, Plaintiff's proposed schedule modifications will be GRANTED. The following schedule shall control the progress of the case: (1) Plaintiff's rebuttal expert report will be due on May 1, 2017; (2) supplementation of the parties' expert reports will be due on May 19, 2017; and (3) the discovery deadline will be May 31, 2017.

Turning to the parties' discovery dispute, Plaintiff seeks to compel production of Defendants' Quickbooks data. Specifically, Plaintiff "requests 'the regular back up copy' (not the accountant version) of Canton Dockside's Quickbooks account, in electronic format." [ECF No. 45]. In response, Defendants argue that "Plaintiff's counsel's demand…completely disregards the Court's direction for a 'specific indication'" of the records it requests. [ECF No. 47]. I agree that Plaintiff has failed to adequately specify the Quickbooks records he seeks to compel. Notably, on February 7, 2017, the Court held a hearing to resolve the parties' discovery obligations. [ECF No. 43]. At the hearing, Plaintiff requested "production of [Defendants'] [Quickbooks] records." [ECF No. 47, Ex. 1 at 51:2-10]. However, when pressed by the Court to provide more specific information about the Quickbooks records he was requesting, Plaintiff merely noted that "it would be…the financial statements." *Id.* at 52:2-3. Consequently, the Court deferred ruling on Plaintiff's request until Plaintiff provided "a specific indication of which particular records from QuickBooks [Plaintiff] want[ed]." *Id.* at 51:6-53:3. Subsequently, following the hearing, on February 12, 2017, Plaintiff amended his request to specify that Defendants produce "a <u>regular</u> back-up copy of the Quickbooks account for Canton Dockside, for all applicable years (2013, 2014, and 2015)." [ECF No. 49, Ex. 1] (emphasis in original).

Regardless, Plaintiff still fails to adequately identify the Quickbooks records he seeks to compel. Quickbooks programs maintain and analyze a wealth of sensitive financial information.

*Kristofer Prusin v. Canton's Peals, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
March 28, 2017
Page 3

In particular, these programs generate reports that include detailed accounting records, cost and budget reports, balance sheets, profit-and-loss statements, sales data, and individual customer and vendor information. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, No. MJG-06-2662, 2016 WL 1597119, at *1-*11 (D. Md. Apr. 20, 2016). Accordingly, the production of entire Quickbooks programs without further limitation is excessive in most cases in light of the amount of irrelevant information contained therein. *See id.* at [ECF No. 107] (deferring ruling on claim that defendant failed to produce its Quickbooks records without more information on records requested); *see id.* at [ECF No. 131] (appointing third-party ESI consultants "to determine (1) the information sought by [plaintiff] from [defendant's] Quickbooks files; and (2) the structure of those files."). Indeed, facing a similar request in *Victor Stanley*, the Court ordered the requesting party to "supply a list of specific queries for [the providing party's Quickbooks] data," including the "[s]pecific date ranges," and "[s]pecific type of information required, such as contact between x and y, agreements between a and b, correspondence between c and d, and so forth." *Id.* at [ECF No. 135]. In this case, Plaintiff requests "a <u>regular</u> back-up copy of the Quickbooks account for Canton Dockside" for years 2013-2015. [ECF No. 49, Ex. 1] (emphasis in original). However, Plaintiff provides no additional information regarding the content or scope of this discovery, and offers no metric by which to limit the universe of Defendants' extensive financial data. For example, Plaintiff fails to narrow his request to those files, folders, topics, or search queries relevant to Defendants' gross income receipts. Instead, Plaintiff appears to request Defendants' Quickbooks data in its entirety. Accordingly, Plaintiff's amended discovery request fails to satisfy this Court's order that Plaintiff provide "a specific request" of the "particular reports or printouts" sought. [ECF No. 47, Ex. 1 at 51:10- 52:10]. Therefore, Plaintiff's Motion to Compel Defendants' Quickbooks data will be DENIED. [ECF No. 45].

### IV.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Modify Discovery Order, [ECF No. 45], is GRANTED IN PART and DENIED IN PART. A separate order as to the scheduling amendments follows.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely,

/s/
Stephanie A. Gallagher
United States Magistrate Judge