UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 7, 2017

LETTER TO COUNSEL

      RE:    *Kristofer Prusin v. Canton's Pearls, LLC, (t/a "Canton Dockside"), et al.*;
             Civil No. JKB-16-605

Dear Counsel:

      On March 2, 2016, Plaintiff Kristofer Prusin filed a complaint against Defendants Canton's Pearls, LLC (t/a "Canton Dockside") and its owner, Eric K. Hamilton, under the Fair Labor Standards Act ("FLSA") and Maryland State law. [ECF No. 1]. The case has been referred to me for discovery and related requests. [ECF No. 18]. Presently pending is Plaintiff's Motion to Obtain Payroll Records and Personal Identifying Information ("PII") of a Former Employee, as well as the opposition and reply thereto. [ECF Nos. 46, 48, 50]. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth herein, Plaintiff's Motion is GRANTED.

      **I.**      **BACKGROUND**

      On May 18, 2016, Plaintiff served Defendants with initial discovery requests seeking Canton Dockside's personnel records, including PII of Defendants' non-party employees. [ECF No. 9]. On July 28, 2016, Judge Bredar ordered Defendants to produce "all payroll records relating to Plaintiff's employment" and "any documentary evidence reasonably relevant to Plaintiff's wage claim, but "[f]or the time being…[excused] [Defendants] from producing the identities of [non-party employees][.]" [ECF No. 12]. On October 7 and 13, 2016, Plaintiff served Defendants with further requests for Defendants' personnel records. [ECF No. 17, Exs. 1, 2]. Additionally, on October 14, 2016, Plaintiff served a Subpoena Duces Tecum on Paychex, Inc.,[1] requesting production of all employee payroll records for the years 2013 through 2015. [ECF No. 17, Ex. 3]. On October 27, 2016, Defendants filed a Motion for Protective Order and Motion to Modify Subpoena to prohibit the disclosure of Canton Dockside's non-party employee records. [ECF No. 17]. On December 22, 2016, the Court granted Defendants' motions in part, but reserved Plaintiff's right to seek non-party employee PII following the production of Defendants' financial records. [ECF No. 28]. Two months later, on February 28, 2017, Plaintiff filed the instant motion seeking the payroll records and PII of a single former employee. [ECF No. 46].

---

[1] Paychex, Inc. is not a party to this action, but maintains Defendant Canton Dockside's payroll records.

*Kristofer Prusin v. Canton's Pearls, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
April 7, 2017
Page 2

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining proportionality, the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Federal Rule 34, which governs requests for document production, permits parties to request the production of any documents or electronically stored information within another party's possession, custody, or control. Fed. R. Civ. P. 34(a).

## III. DISCUSSION

Plaintiff asks this Court to compel the PII of a former Canton Dockside employee in order to demonstrate that Defendants' wage and overtime violations were willful under the FLSA. [ECF No. 46]. In opposition, Defendants contend that Plaintiff's proposed discovery is unwarranted and contravenes several Court orders prohibiting the disclosure of non-party employee information. [ECF No. 48] (citing [ECF Nos. 12, 28]).

This Court has declined to permit discovery "into the personal [information] of non-party employees without a viable reason to believe that relevant information would be accessible to Plaintiff or would be contained therein." *Finkle v. Howard Cty., Md.*, No. CIV. SAG-13-3236, 2014 WL 6835628, at *2 (D. Md. Dec. 2, 2014), aff'd sub nom. *Finkle v. Howard Cty.*, 640 F. App'x 245 (4th Cir. 2016). In this case, the Court has twice prohibited the disclosure of Canton Dockside's non-party employee PII in its entirety, because such unfettered access was unwarranted on the record existing at that time. [ECF Nos. 12, 28]. Here, however, Plaintiff has narrowed his request to the records of a single former employee for a particular purpose. [ECF No. 46]. Specifically, Plaintiff argues that he "has received reliable information that Tracey Dunaway (married name) was initially paid overtime compensation during her employment as a tipped employee, that Defendant Eric Hamilton thereafter informed Ms. Dunaway that she would no longer be paid overtime compensation when she worked more than forty hours per week, and Ms. Dunaway subsequently stopped receiving overtime compensation for the duration of her employment." [ECF No. 46]. Plaintiff contends that Ms. Dunaway's records will show that, "Defendants did not pay front of the house workers overtime because they made a deliberate, or at least reckless, decision to avoid paying overtime." [ECF No. 50]. However, Defendants argue that the Court's prior orders preclude "them from producing personal identifying information related to tipped employees." [ECF No. 48]. Moreover, Defendants contend that "Plaintiff's requested records would not prove…Defendants willfully failed to comply with the FLSA." *Id.* Instead, Defendants claim that Ms. Dunaway's records would merely show that she "initially received an amount for overtime which was terminated to be consistent with the pay rate of all other tipped employees at Canton Dockside…[that] received wages through the service charges (or mandatory gratuities)." *Id.*

*Kristofer Prusin v. Canton's Pearls, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
April 7, 2017
Page 3

Under Federal Rule of Civil Procedure 26(b)(1), Plaintiff is entitled to discover Ms. Dunaway's personnel records. Although Defendants correctly note that the prior court orders prohibited broad disclosure of non-party PII, Plaintiff now presents a compelling need to obtain discovery that is narrowly tailored to a single individual. Indeed, while Plaintiff previously provided "no reason to invite an unfettered 'fishing expedition' into the personal [information] of [all] non-party employees," *Finkle*, 2014 WL 6835628, at *2, Plaintiff now alleges that Defendants changed a policy and subsequently failed to pay a particular employee, Ms. Dunaway, overtime in violation of the FLSA. [ECF No. 46]. Plaintiff's requested records are therefore relevant to show that, "Defendants had knowledge of their Federal and State overtime pay practices and deliberately discontinued compliance with these requirements." [ECF No. 50]. Additionally, Plaintiff's requested records are relevant to the extent that they undercut Defendant Hamilton's equivocal testimony regarding Canton Dockside's overtime pay practices. *Id.* (noting Defendant Hamilton's "deliberately nonresponsive" testimony regarding employee overtime payments). Although Defendants note that Ms. Dunaway's records may merely reflect Canton Dockside's change to mandatory service charges, and attempt to bring Ms. Dunaway's pay in line with other employees, Plaintiff rightly argues that he "should be allowed to develop evidence that shows that the Defendants…deliberately decided to avoid paying overtime to their servers because overtime was too expensive to pay[.]" *Id.* Indeed, Plaintiff's requested records could lead "[a] jury [to] reasonably believe that the Defendants decided to not pay overtime because it was too expensive, *not* because they thought servers or bartenders were receiving service charges and thus not eligible to receive overtime." *Id.* Moreover, the burden of producing payroll records for a single employee is not onerous. Therefore, Plaintiff will be permitted to discover Ms. Dunaway's personnel records, specifically her maiden name, home address, dates of employment, employee number, and will be authorized to subpoena her payroll records from Paychex, Inc. However, because Ms. Dunaway's records contain sensitive personal information, they should be produced under a confidential designation for attorney's eyes only. *Randolph v. ADT Sec. Servs., Inc.*, No. DKC 09-1790, 2012 WL 2234362, at *11 (D. Md. June 14, 2012).

Furthermore, although Defendants produced some financial records pursuant to the Court's December 22, 2016 order, [ECF No. 28], Plaintiff claims that Defendants have not produced Canton Dockside's tax returns. [ECF No. 50]. Defendants do not deny Plaintiff's allegation, *see* [ECF No. 48], and are therefore instructed again to produce Canton Dockside's tax records as previously ordered. [ECF No. 28]. Failure to comply with this order without justification may result in the imposition of sanctions.

### IV.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Obtain Payroll Records and Personal Identifying Information of a Former Employee, [ECF No. 46], is GRANTED.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

*Kristofer Prusin v. Canton's Pearls, LLC, (t/a "Canton Dockside"), et al.*
Civil No. JKB-16-605
April 7, 2017
Page 4

        Sincerely,

        /s/

        Stephanie A. Gallagher
        United States Magistrate Judge