**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**KRISTOFER L. PRUSIN**

|  |  |  |
|---|---|---|
| **Plaintiff** | \* | |
| **vs.** | \* | |
| | \* | **Civil Action No.:  JKB-16-605** |
| **CANTON'S PEARLS, LLC**, *et al.* | \* | |
| **Defendants** | \* | |
| | **\*\*\*\*\*\*** | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

On March 2, 2016, Plaintiff Kristofer Prusin filed a complaint against Canton's Pearls, LLC (t/a "Canton Dockside") and its owner, Eric K. Hamilton, (collectively, "the Defendants") under the Fair Labor Standards Act ("FLSA") and Maryland State law.  [ECF No. 1].  The case has been referred to me for all discovery and related scheduling matters.   [ECF No. 18]. Presently pending is Plaintiff's Motion to Exclude Defendants' Supplemental Expert Report, as well as the opposition and reply thereto. [ECF Nos. 66, 70, 76].   No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).   For the reasons set forth herein, Plaintiff's motion will be DENIED.

## I.   BACKGROUND

On July 28, 2016, Judge Bredar ordered, in relevant part, that the Defendants' Rule 26(a)(2) expert disclosures were due on October 1, 2016. [ECF No. 12].  On October 3, 2016, the Defendants produced an expert report from Anthony Pelura, a CPA candidate.  [ECF No. 66-1].  In his report, Mr. Pelura opined that Canton Dockside owed Plaintiff $108.06 in unpaid minimum and overtime wages.  *Id.*  Following other extensions, on March 28, 2017, this Court entered a revised scheduling order that modified Plaintiff's rebuttal expert report deadline to

1

May 1, 2017, the parties' supplementation deadline to May 19, 2017, and the discovery deadline to May 31, 2017.  [ECF No. 52].  On May 1, 2017, Plaintiff produced rebuttal expert reports from Mr. Joel Heiserman and Mr. Alan Hayman.  [ECF No. 66-22, pp. 1-55].  In their rebuttal reports, Mr. Heiserman and Mr. Hayman opined that Canton Dockside's service charges did not qualify as wages under the FLSA.  *Id.*  On May 15, 2017, Plaintiff produced a supplemental expert report from Mr. Hayman.  *Id.* at p. 56.  On May 19, 2017, the Defendants produced a supplemental expert report from Mr. Pelura.  [ECF No. 66-23].  In his supplemental report, Mr. Pelura opined that Canton Dockside's mandatory service charges were included in its gross receipts, and therefore constituted wages under the FLSA.  *Id.*  On May 30, 2017, one day before the close of discovery, Plaintiff filed the instant motion to exclude Mr. Pelura's expert report and his supplemental expert report.  [ECF No. 66].

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2)(A).  In addition, Rule 26(a)(2)(B) requires parties to produce written reports for any witness who is "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony."  Fed R. Civ. P. 26(a)(2)(B).  An expert's report must be detailed and complete, and must include "a complete statement of all opinions the witness will express and the basis and reasons for them [and] the facts or data considered by the witness in forming them."  *Id.*; *see also Osunde v. Lewis*, 281 F.R.D. 250, 257 (D. Md. 2012) ("[T]he report must contain 'a complete statement of all opinions the witness will express,' as well as the basis and reasons for those opinions and the facts or data considered by the witness in forming his opinions.");  Fed. R. Civ.

2

P. 26 advisory committee note (1993) (noting that the report "should be written in a manner that reflects the testimony to be given" by the expert witness).

Federal Rule of Civil Procedure 26(e) requires that a Rule 26(a)(2) disclosure be supplemented "in a timely manner if the party [making the disclosure] learns that in some material respect the disclosure or response is incomplete." Fed. R. Civ. P. 26(e)(1)(A). "[F]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). This required supplementation, however, "does not create a right to produce information in a belated fashion." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 797 (D. Md. 2013). "To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc on docket control and amount to unlimited expert opinion preparation." *Campbell v. United States*, 470 Fed. Appx. 153, 157 (4th Cir. 2012) (citations and internal quotation marks omitted).

## III.    ANALYSIS

Although his motion is only entitled "Motion to Exclude Supplemental Expert Report," Plaintiff appears to argue that Mr. Pelura's original expert report should be excluded because it is untimely and incomplete. [ECF No. 66, pp. 17-20]. Plaintiff also contends that Mr. Pelura's supplemental expert report should be excluded because it "contains entirely new and different information and opinions" based on previously available materials in violation of Rule 26(e)(2).[1] *Id.* In opposition, the Defendants argue that Mr. Pelura's expert report is timely and complete, and that his supplemental expert report is proper under Rule 26(e). [ECF No. 70, p. 17].

### A.  Mr. Pelura's Original Expert Report

---

[1] Notably, Plaintiff does not argue that Mr. Pelura's expert reports should be excluded under FRE 702. Rather, Plaintiff notes that he "will address the admissibility of Mr. Pelura's legal opinion in a Motion *in Limine*." [ECF No. 66, p. 17] (italics added).

First, Plaintiff contends that Mr. Pelura's expert report should be excluded because it is untimely. [ECF No. 66, pp. 17-20]. Plaintiff correctly notes that the Defendants' expert report deadline was October 1, 2016. [ECF No. 12]. However, because October 1, 2016 was a Saturday, the Defendants' deadline was modified to October 3, 2016. Fed. R. Civ. P. 6(a)(1)(C) (holding that "if the last day [of a period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). On October 3, 2016, then, the Defendants timely filed Mr. Pelura's expert report. [ECF No. 66-1].

Second, Plaintiff contends that Mr. Pelura's expert report should be excluded because it is incomplete. [ECF No. 66, pp. 17-20]. As noted above, an expert's report must be detailed and complete, and must include "a complete statement of all opinions the witness will express and the basis and reasons for them [and] the facts or data considered by the witness in forming them." Fed R. Civ. P. 26(a)(2)(B); *see also Osunde v. Lewis*, 281 F.R.D. 250, 257 (D. Md. 2012). Specifically, Rule 26 requires that an expert report contain: (1) the opinions a witness will express and their basis; (2) the data considered by the witness; (3) any exhibits used to support the witness; (4) the witnesses qualifications, including all publications authored in the last ten years; (5) a list of all other cases that the witness testified as an expert; (6) and a statement of compensation. *See* Fed. R. Civ. P. 26(a)(2)(B). In this case, Mr. Pelura's report is complete under Rule 26(a)(2)(B). Mr. Pelura opines that Canton Dockside's service charge payments counted towards the Defendants' wage obligations under the FLSA. [ECF No. 66-1]. Specifically, Mr. Pelura opines that Plaintiff was "owed $108.06 for a minimum wage adjustment for period of 3/25/2013 to 4/7/2013." *Id.* To support his conclusion, Mr. Pelura provides the basis for his opinion, notes the methodology he employed, and cites the data he

considered.  *Id.*  Moreover, Mr. Pelura notes his qualifications, lists the only other case in which he has testified as an expert, and provides a statement of his compensation in accordance with Rule 26(a)(2)(B).  *Id.*  Although Mr. Pelura's report is admittedly brief, it provides sufficient information to satisfy Rule 26's completeness requirement.   Accordingly, exclusion of Mr. Pelura's expert report is unwarranted.

### B.  Mr. Pelura's Supplemental Expert Report

Plaintiff also moves to exclude Mr. Pelura's supplemental expert report because it "contains entirely new and different information and opinions" based on previously available evidence in violation of Rule 26(e)(2).  [ECF No. 66, pp. 16-22].  Rule 26(e)(2) confers a duty on all parties to supplement or correct any expert reports required to be disclosed under Rule 26(a)(2)(B).  *See* Fed. R. Civ. P. 26(e)(2).  Specifically, the rule requires that a Rule 26(a)(2)(B) disclosure be supplemented "in a timely manner if the party [making the disclosure] learns that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).   "Supplementation under the Rules means correcting inaccuracies, or filling the interstices of a[n] incomplete report based on information that was not available at the time of the initial disclosure." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998); *Congressional Air, Ltd. v. Beech Aircraft Corporation*, 176 F.R.D. 513, 516 (D. Md. 1997) (same).  This required supplementation, however, "does not create a right to produce information in a belated fashion."  *EEOC v. Freeman*, 961 F. Supp. 2d 783, 797 (D. Md. 2013) (citation omitted).   Indeed, "[t]o construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc on docket control and amount to unlimited expert opinion preparation." *Campbell v. United States*, 470 Fed. Appx. 153, 157 (4th Cir. 2012) (citations and internal quotation marks omitted).

In this case, Plaintiff contends that, "Mr. Pelura's supplemental report addressed an issue entirely neglected and omitted from the expert report, *i.e.*, the 'gross receipts' issue." [ECF No. 66, p. 18]. Specifically, in his supplemental report, Mr. Pelura opined, "Canton Dockside included the service charges (also known as mandatory gratuity) it received from customers in [its] gross receipts." [ECF No. 66-23, p. 3]. Mr. Pelura further opined that service charges "were included as part of the total amounts received by the restaurant and commingled with other income sources." *Id.* To support his assertion, Mr. Pelura performed a series of new calculations, previously omitted in his initial report, which assessed Plaintiff's "effective hourly rate," and provided complex analyses of Canton Dockside's sales data, tip totals, service charges, and hourly wages. *Id.* at pp. 5-32. As a result of those calculations, and in contrast to Mr. Pelura's previous findings in his initial expert report, Mr. Pelura opined that Canton Dockside owed Plaintiff $436.52 in unpaid minimum wage and overtime payments. [ECF No. 66-23, pp. 30-32]; *see* [ECF No. 66-1].

Mr. Pelura did not examine Canton Dockside's gross receipts, calculate Plaintiff's effective hourly rate, or address the theory that mandatory service charges were "commingled" with other income sources in his initial report. *See* [ECF No. 66-1]. Indeed, Mr. Pelura only made brief mention of Canton Dockside's mandatory service charge policy in his initial filing. [ECF No. 66-1, p. 3] (noting that "Canton Dockside restaurant imposes a 15% mandatory service charge."); *see* [ECF No. 66-23, p. 2] (noting in his supplemental report that "[t]he initial report was based on the assumption that Canton Dockside did have a policy of mandatory gratuity."). Mr. Pelura also concedes that his supplemental report was, in part, a "response to the report produced by [Plaintiff's expert] Joel Heiserman, CPA, CGMA," and was based on materials that

were available to him prior to his initial submission.[2]   [ECF No. 66-23, pp. 2-3] (noting that his supplemental report was based on Canton Dockside's payroll documents, employee time card and job detail reports, employee sales and tip totals, income returns, and profit and loss statements); [ECF No. 70, p. 11] (noting that, "[a]s with Mr. Pelura's Initial Report, his Supplemental Report was based on payroll reports, employee paystubs, and information regarding sales from Canton Dockside and provided greater detail in the description of the documents."); *see* [ECF No. 66-1, p. 3].   However, as noted above, Rule 26(e) "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 212 (4th Cir. 2017) (citation omitted); *see id.* (citing *Minebea Co. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005)) (excluding "supplement" that was a "substantial 'refinement' of the original report, containing new or different material and providing additional information to support specific elements of [the proponent's] case").   Indeed, Rule 26(e) is not a "loophole through which a party…who wishes to revise [their] disclosures in light of [their] opponent's challenges…can add to them to [their] advantage after the court's deadline for doing so has passed." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 797 (D. Md. 2013) (quoting *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009)).   Accordingly, because Mr. Pelura's supplemental report included new opinions outside the scope of the original report, and relied on information that was available at the time of the initial report, it does not constitute a valid supplement under Rule 26(e).

---

[2] In his supplemental report, Mr. Pelura also claims to have reviewed documents made available since his initial expert report. [ECF No. 66-23, pp. 2-3].   However, Mr. Pelura notes that he relied on previously available evidence – specifically, Canton Dockside's sales reports, employee detail reports, and payroll records – to draw his conclusions regarding Canton Dockside's service charges and Plaintiff's owed wages under the FLSA. *Id.* at pp. 4-5.

Because the opinions disclosed in Mr. Pelura's supplemental report do not qualify as a supplement under Rule 26(e), his supplemental disclosure must be excluded under Rule 37(c) unless the filing "was either substantially justified or harmless." *Campbell v. United States*, 470 Fed. Appx. 153, 157 (4th Cir. 2012); Fed. R. Civ. P. 37(c). In *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, the Fourth Circuit set forth several factors to guide district courts in making this determination. A court may consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture*, 318 F.3d at 597. The nondisclosing party bears the burden of establishing that its Rule 26(a)(2) violation does not warrant preclusion. *Id.* at 597. While the Rule 37(c) sanction of striking expert testimony is self-executing and automatic, *see* Fed. R. Civ. P. 37(c) advisory committee note (1993), courts are conferred "broad discretion" in determining whether a party's noncompliance with Rules 26(a)(2) and (e) was substantially justified or harmless, *S. States Rack and Fixture, Inc.*, 318 F.3d at 596. District courts need not expressly consider each *Southern States* factor when evaluating discovery violations. *See Hoyle v. Freightliner LLC*, 650 F.3d 321, 330 (4th Cir. 2011).

The Fourth Circuit has noted that the "basic purpose" of Rule 37(c) is to prevent surprise and prejudice to the opposing party. *S. States Rack and Fixture, Inc.*, 318 F.3d at 596. Thus, four of the five factors articulated in *Southern States*—"surprise to the opposing party, ability to cure that surprise, disruption of the trial, and importance of the evidence—relate mainly to the harmlessness exception," since the Court's focus in determining whether preclusion is appropriate should be on the prejudice that the opposing party will suffer if the testimony is

admitted.  *Id.* at 597.  "[T]he remaining factor—the explanation for the nondisclosure—relates primarily to the substantial justification exception."  *Id.*

Plaintiff contends that all these factors weigh in favor of excluding Mr. Pelura's supplemental expert report.  [ECF No. 66, pp. 22-29].  Specifically, Plaintiff argues that Mr. Pelura's assertion that Canton Dockside included service charges in its gross receipts unfairly deprived Plaintiff of the opportunity to adequately depose Mr. Pelura or to request additional discovery materials in response to his supplemental report.  *Id.* at p. 23.  Additionally, Plaintiff contends that the Defendants are unable to cure the surprise of the supplemental disclosure now that discovery is closed, and claims that reopening discovery to do so would disrupt the trial schedule.  *Id.* at p. 27.  Further, Plaintiff argues that the Defendants "cannot offer an objectively reasonable explanation why it is necessary for [Mr. Pelura] to have issued additional, new, and expanded opinions in their supplemental expert report" when the Defendants "have always been in possession of the information necessary to form a full and complete report[.]"  *Id.* at p. 28.

The Defendants, in contrast, maintain that exclusion of Mr. Pelura's supplemental report is unwarranted.  Specifically, the Defendants argue that Plaintiff "understood the nature of [the] Defendants' Service Charge Defense arguments," and that "Mr. Pelura's Supplemental Report further discloses supporting information[.]"  [ECF No. 70, p. 16].  Additionally, assuming without conceding error, the Defendants contend that Plaintiff may reopen discovery to depose Mr. Pelura, thereby curing any harm stemming from the alleged surprise. [ECF No. 70, pp. 22-24].  Moreover, the Defendants claim that a modification of the discovery schedule would not disrupt the trial schedule, since a trial date has not been set.  *Id.*  Furthermore, the Defendants claim that the opinions contained within Mr. Pelura's supplemental report constitute "highly important evidence for the Court to consider in its determination on the merits," and were

disclosed in a supplemental report – as opposed to Mr. Pelura's initial report – due to the Defendants' "significant" discovery obligations, and the admitted difficulties in scheduling the parties' experts during tax season. *Id.* at pp. 24-25; *see* [ECF Nos. 45, 47].

Weighing these factors, exclusion of Mr. Pelura's supplemental report is not appropriate. As an initial matter, Plaintiff was on notice of the Defendants' service charge defense as early as October, 2016. *See* [ECF No. 14, pp. 2-3]. In addition, despite the Defendants' belated supplemental disclosure, Plaintiff's experts provided extensive analysis of Canton Dockside's gross receipts in their initial filings, for the purpose of discrediting Mr. Pelura's opinion. [ECF No. 66-22, p. 3] (Mr. Hayman's expert report) ("It is my opinion that service charges are not included in the 'gross receipts,' 'gross sales,' or 'net sales.'"); *id.* at 7 (Mr. Heiserman's expert report) ("It is my opinion that service charges were not included in the gross receipts of the Defendants' operations."). Although the Defendants' supplemental disclosure frustrated Plaintiff's ability to rebut the opinions contained therein, Plaintiff's allegation of surprise is largely unfounded. Moreover, Plaintiff's harm "can be remedied, without derailing the [C]ourt's effort to achieve a just and timely resolution of this case." *Pennington Partners, LLC v. Midwest Steel Holding Co.*, 271 F.R.D. 462, 464 (D. Md. 2010). Indeed, the appropriate resolution in this case is to treat Mr. Pelura's supplemental report as an improper Rule 26(e) disclosure that can be rectified by a modification of the schedule.[3] The Court is mindful that the discovery deadlines

---

[3] This ruling is consistent with several cases in this circuit where, after balancing the *Southern States* factors, courts have not automatically excluded the non-disclosing party's expert witness pursuant to Rule 37(c). *See Pennington Partners, LLC*, 271 F.R.D. at 464-65 (declining to strike defendant's untimely supplemental expert disclosures in favor of extending the discovery period so that the plaintiffs could conduct additional discovery, but prohibiting the defendant from conducting additional discovery); *Ace American Insurance Co. v. McDonald's Corp.*, No. GLR-11-3150, 2012 WL 2523883, at *4-5 (D. Md. June 28, 2012) (finding the plaintiff's 26(a)(2) disclosures were untimely and incomplete, but substantially justified or harmless because the disclosures were essential to the plaintiff's case); *Khosmukhamedov v. Potomac Elec. Power Co.*, No. AW-11-449, 2012 WL 1670152, at *3 (D. Md. May 11, 2012) (finding that the plaintiffs' untimely disclosed expert report was harmless because the plaintiffs could cure the failure, the new evidence would not disrupt trial, and the evidence was important to the plaintiffs' case).

have been modified several times in this matter.  *See*, *e.g.*, [ECF Nos. 12, 16, 20, 44, 51].[4] However, a brief extension of the discovery period to permit Plaintiff an opportunity to depose Mr. Pelura or to provide further expert supplementation will not disrupt the trial, because there is no scheduled trial date.  *Pennington Partners, LLC*, 271 F.R.D. at 464 ("Given that the trial has not yet been scheduled, and that affording the Plaintiffs the opportunity to have additional discovery of [the experts'] supplemental opinions is an available option, however unsatisfactory it is to—yet again—extend discovery, it is clear to me, under the factors articulated in *Southern States*, 318 F.3d 592, that is the appropriate thing to do.").  Furthermore, considering the importance of the evidence to the ultimate determination of the case, a complete exclusion of Mr. Pelura's expert testimony regarding Canton Dockside's mandatory service charges would severely harm the Defendants' position and is excessive, given that the Defendants' error can largely be cured without such drastic measures.  *See The Mayor and City Council of Baltimore v. Unisys Corporation*, No. 12-cv-614, 2013 WL 4784118, at *5 (D. Md. Sept. 5, 2013).

Accordingly, Plaintiff's motion, [ECF No. 66], will be denied.  However, Plaintiff will be allowed 30 days to depose Mr. Pelura and/or to request further information regarding the opinions contained within Mr. Pelura's supplemental report.  At the end of this 30-day period, Plaintiff will have 21 days to supplement his expert disclosure, if so desired.  Plaintiff's reply brief to his Motion for Summary Judgment will be due 14 days later, so that Plaintiff has an opportunity to respond to Mr. Pelura's supplemental report, which was cited by the Defendants in their opposition.  The scheduling order will be amended to reflect the limited extensions. "Courts issue scheduling orders specifically to avoid such dilemmas, and they are intended to be

---

[4] However, contrary to Plaintiff's assertion, these extensions were not "all the fault of the Defendants." [ECF No. 66, p. 8]; *see*, *e.g.*, [ECF Nos. 16, 20, 51].

taken seriously." *Pennington Partners*, 271 F.R.D. at 464.  The Defendants will not be afforded additional discovery or an additional opportunity to rebut Plaintiff's experts.

IV.    **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion to Exclude Defendants' Supplemental Expert Report, [ECF No. 66], is DENIED.

An implementing order shall follow denying Plaintiff's motion, but granting the limited schedule modification described above.


Dated:  August 15, 2017                                          _____/s/_____
                                                                 Stephanie A. Gallagher
                                                                 United States Magistrate Judge