**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KRISTOFER L. PRUSIN,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL NO. JKB-16-0605** |
| **CANTON'S PEARLS, LLC,** et al., | * | |
| **Defendants.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM**

Kristofer Prusin ("Plaintiff") filed suit against Canton's Pearls, LLC, and Eric K. Hamilton ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann. Labor & Emp't § 3-401, *et seq.*, and the Maryland Wage Payments and Collection Law ("MWPCL"), Md. Code Ann. Labor & Emp't § 3-501, *et seq.* The Court previously granted summary judgment in favor of Plaintiff, finding that Defendants failed to pay him minimum wage and overtime as required by the FLSA, MWHL, and MWPCL. Now pending before the Court is Plaintiff's Objections to the Magistrate Judge's Memorandum Opinion & Order (ECF No. 85) and Plaintiff's Motion to Exclude Defendant's Expert Testimony (ECF No. 93). The issues have been briefed (ECF Nos. 85, 86, 88, 93, 97, & 100), and no hearing is required, Local Rule 105.6 (D. Md. 2016). For the reasons explained below, Plaintiff's motions will be DENIED.

### I.   *Background*

The relevant background to the pending motions revolves around the content and timing of Defendants' expert's supplemental report. Pursuant to the original scheduling order issued by

the Court in this matter, Defendants' Rule 26(a)(2) disclosures were due by September 1, 2016, and any supplementation under Rule 26(e)(2) was due by September 22, 2016. (Scheduling Order, ECF No. 7.) The Court subsequently issued a modified scheduling order, setting October 1, 2016, as the due date for Defendants' Rule 26(a)(2) disclosures, and October 22, 2016, as the due date for supplementation pursuant to Rule 26(e)(2). (Order, ECF No. 12.) Defendants filed their initial expert report from Anthony Pelura on October 3, 2016.[1] (Defendants' Expert Designation, ECF No. 66, Ex. 1.) Notably, that report did not offer an opinion as to whether Defendants included service charges in their gross receipts—a contested issue that was resolved by the Court in its recent summary judgment ruling.

Plaintiff's rebuttal report was due on October 15, 2016; however, Plaintiff sought an extension of time to file his rebuttal report, which the Court granted. The Court granted Plaintiff an additional ten days to file his expert rebuttal report. Plaintiff, however, did not file his rebuttal report within this deadline. Instead, the parties became embroiled in a series of discovery disputes that carried into 2017. On February 7, 2017, Magistrate Judge Gallagher issued a revised scheduling order that set April 20, 2017, as the discovery deadline. (Revised Scheduling Order, ECF No. 44.) Both parties subsequently requested that the Court extend the deadline for discovery until May 31, 2017, and set May 19, 2017, as the deadline for supplementation of expert reports, which Magistrate Judge Gallagher granted. (Plaintiff's Motion to Modify/Amend Discovery Order, ECF No. 45; Defendants' Response to Plaintiff's Motion to Modify/Amend Discovery Order, ECF No. 47.) On May 1, 2017, Plaintiff served Defendants with reports from two experts, Joel Heiserman, CPA, CGMA, and J. Alan Hayman. Plaintiff provided a brief supplement to Mr. Heiserman's report on May 15, 2017. (Plaintiff's

---

[1]    Despite Plaintiff's assertion to the contrary, Defendants' initial Rule 26(a)(2) disclosures were timely because October 1, 2016, fell on a Saturday, thereby extending the due date for the disclosures to Monday, October 3, 2016. Fed. R. Civ. P. 6(a)(1)(C).

Rebuttal Expert Designations, ECF No. 66, Ex. 22.) On May 19, 2017, the deadline for Rule 26(e)(2) supplementation pursuant to the revised scheduling order, Defendants' served Plaintiff with a supplemental report prepared by their expert, Mr. Pelura. (Supplemental Report Regarding Calculation of Wages Paid to Kristofer Prusin by Canton's Pearls, LLC, ECF No. 66, Ex. 23.)

Mr. Pelura's supplemental report, which was four pages (making it three pages longer than his initial report), included a new subheading labeled "Gross Receipts" within the "Methodology" section of the report. Under this new subheading, Mr. Pelura concluded that "Canton Dockside included the service charges (also known as mandatory gratuity) it received from customers in Canton Dockside's gross receipts." (*Id.* at 3.) Mr. Pelura's conclusion was not supported by any calculations. Rather, he posited that the "sums were included in Canton Dockside's gross receipts at the time they were commingled into the restaurants cash registers or bank accounts." (*Id.*)

On May 30, 2017, Plaintiff filed a motion to exclude Defendants' supplemental expert report. Plaintiff argued that Defendants' initial expert report was incomplete and therefore violated Rule 26(a)(2)(B)(i). Additionally, Plaintiff argued that the supplemental report was not in fact a valid supplement under Rule 26(e)(2), but rather offered an "entirely new opinion" "based on newly reviewed documents" that were available to Mr. Pelura at the time he submitted his initial report. (ECF No. 66, at 18–19.) Plaintiff sought to have the supplemental report excluded as a sanction for Defendants' alleged noncompliance with their disclosure obligations.

Around the same time that the parties were engaged in discovery disputes before Magistrate Judge Gallagher, they filed cross motions for summary judgment. On August 15, 2017, one day before Plaintiff's summary judgment reply brief was due, Magistrate Judge Gallagher issued an

order denying Plaintiff's motion to exclude Defendants' supplemental expert report. In a memorandum opinion, Magistrate Judge Gallagher concluded that Mr. Pelura's initial report, though "admittedly brief, . . . provide[d] sufficient information to satisfy Rule 26's completeness requirement." (Memorandum Opinion, ECF No. 82, at 5.) Magistrate Judge Gallagher, however, agreed with Plaintiff that Mr. Pelura's supplemental report was not a valid supplement under Rule 26(e) because it "included new opinions outside the scope of the original report, and relied on information that was available at the time of the initial report." (*Id.* at 7.)

The Magistrate Judge declined to exclude the supplemental report, however. Instead, Magistrate Judge Gallagher found that a more appropriate resolution was "to treat Mr. Pelura's supplemental report as an improper Rule 26(e) disclosure that can be rectified by a modification of the schedule." (*Id.* at 10.) The Magistrate Judge reopened discovery, granting Plaintiff thirty days to depose Mr. Pelura and an additional twenty-one days after that to supplement his own expert's report, while also prohibiting Defendants from conducting any further expert discovery. Moreover, Magistrate Judge Gallagher extended the due date for Plaintiff's summary judgment reply brief to fourteen days after the conclusion of the additional fifty-one day period for Plaintiff to depose Mr. Pelura and supplement his expert's report. Despite the extension, Plaintiff filed his summary judgment reply brief on August 16, 2017, the day after Magistrate Judge Gallagher issued her memorandum opinion and order. (*See* ECF No. 84.)

Plaintiff then filed the currently pending objection to Magistrate Judge Gallagher's Memorandum Opinion and Order. (ECF No. 85.) Additionally, Plaintiff filed a motion *in limine* seeking to preclude Mr. Pelura "from testifying in this case concerning the unsupported claim that service charges (automatic gratuities) were included in the Defendants' gross receipts." (Plaintiff's Motion to Exclude Defendants' Expert Testimony, ECF No. 93, at 1.)

The Court subsequently granted summary judgment in favor of Plaintiff on a number of issues. Specifically, the Court found, *inter alia*, that the mandatory gratuities charged by Defendants did not qualify as service charges under the FLSA and therefore could not be used to offset their minimum and overtime wage obligations under the FLSA and MWHL. (Memorandum, ECF No. 98, at 11–20.) In the course of deciding the service charge issue, the Court assumed without deciding that Mr. Pelura qualified as an expert and that his report was admissible, yet still concluded that Plaintiff was entitled to summary judgment because Mr. Pelura's conclusory opinion did not give rise to a genuine issue of material fact. (*Id.* at 17–18.)

## II. *Standard of Review*

A district judge must consider timely objections to a magistrate judge's ruling on a nondispositive pretrial matter. Fed. R. Civ. P. 72(a). Discovery motions, such as the one at issue here, are "quintessential non-dispositive motions." *United States v. Performance Food Grp., Inc.*, No. CV MJG-13-1712, 2016 WL 1028019, at *1 (D. Md. Mar. 15, 2016). The reviewing judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* Local Rule 301.5(a) (D. Md. 2016); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'" *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 479 (D. Md. 2014) (quoting *MMI Prods. v. Long*, 231 F.R.D. 215, 218 (D. Md. 2005)). "Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cnty.*, 750 F.

Supp. 2d 549, 559 (D. Md. 2010). Rather, the Court is "only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Id.* "Moreover, the district court should, normally, give great deference to the judgment calls necessarily made by a Magistrate Judge in the course of resolving discovery disputes." *United States v. Performance Food Grp., Inc.*, No. CIV.A. MJG-13-1712, 2015 WL 2226252, at *1 (D. Md. Apr. 23, 2015).

## III. *Analysis*

### A. *Plaintiff's Objections to the Magistrate Judge's Memorandum Opinion and Order*

Plaintiff contends that the Magistrate Judge should have barred Defendants' supplemental expert report or, at the very least, shifted the cost of any additional discovery conducted by Plaintiff onto Defendants as a deterrent for their invalid attempt at supplementation. After a thorough review of Magistrate Judge Gallagher's Memorandum Opinion, the parties' briefs, and the controlling law regarding sanctions for discovery violations, the Court concludes that Magistrate Judge Gallagher's ruling is neither clearly erroneous nor contrary to law.

As an initial matter, the Court notes that Plaintiff fails to identify anywhere in his brief the proper standard by which the Court should review Magistrate Judge Gallagher's Memorandum Opinion and Order. The closest he comes to doing so is in the final sentence of his argument in which he states that "the Memorandum Opinion and Order [is] both an abuse of discretion and clearly erroneous." (ECF No. 85, at 8.) This lone statement of two different standards of review—provided without citation—is both inaccurate and insufficient. Fed. R. Civ. P. 72(a); *see, e.g.*, *Bost v. Wexford Health Sources, Inc.*, No. CV ELH-15-3278, 2017 WL 3503673, at *4 (D. Md. Aug. 16, 2017) ("Rule 72(a) provides that the district court should only overrule the magistrate judge [on non-dispositive matters] if the contested order is 'clearly erroneous or is contrary to law.'"); *see also* Local Rule 105.1 ("Any motion and opposition to a motion shall be

filed with the Clerk and be accompanied by a memorandum *setting forth the reasoning and authorities in support of it*." (emphasis added)).  Perhaps for this reason, Plaintiff does not identify with any precision the findings that he contends are clearly erroneous.  Nor does he identify the legal conclusions in Magistrate Judge Gallagher's opinion that he believes are contrary to law.  Instead, he simply reargues his position on excluding the supplemental report and advances many *new* arguments regarding the proper allocation of costs.  None of these arguments are proper in a motion objecting to a magistrate judge's ruling on a nondispositive discovery dispute.  More importantly, the Court's independent review of Magistrate Judge Gallagher's Memorandum Opinion reveals no findings that are clearly erroneous nor any legal conclusions that are contrary to law.

First, Plaintiff contends that Magistrate Judge Gallagher should have excluded Mr. Pelura's supplemental expert report.  Plaintiff briefly suggests—again without citation—that Magistrate Judge Gallagher misapplied the law because her "opinion lacks any conclusion that the Defendants' Rule 26(e) violation was substantially justified.  Rather, the Magistrate Judge conflated that question with the question of whether the nondisclosure was harmless, and erroneously concluded that it was harmless." (ECF No., 85, at 4–5.)  It is Plaintiff, however—not Judge Gallagher—that misunderstands the law in this regard.  "The party facing sanctions carries the burden of showing that the failure to comply with Rule 26(a) was *either* substantially justified *or* harmless.  *Campbell v. United States*, 470 F. App'x 153, 156 (4th Cir. 2012) (emphasis added); *see* Fed. R. Civ. P. 37(c)(1) (stating that party who fails to properly disclose information or witness as required by Rule 26(a) or (e) is barred from using that information or witness "unless the failure was substantially justified *or* is harmless" (emphasis added)).  The

language of Rule 37(c) is disjunctive—a party need only show its failure was substantially justified *or* harmless, not both.

In determining whether a party's noncompliance with Rule 26 was either substantially justified or harmless, courts may consider a number of factors, including:

(1) the surprise to the party against whom the evidence would be offered;

(2) the ability of that party to cure the surprise;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence; and

(5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (list format added). These factors are non-exhaustive and a court need not consider each factor when evaluating the propriety of exclusion for a Rule 26 violation. *See, e.g.*, *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011).

Here, Magistrate Judge Gallagher correctly applied the law in determining whether to exclude the Mr. Pelura's supplemental expert report: She evaluated the facts of this case through the lens of the *Southern States* factors. Moreover, her conclusion that exclusion was not warranted is not clearly erroneous. Magistrate Judge Gallagher found that Plaintiff was on notice of Defendants' service charge defense well before receiving Mr. Pelura's supplemental report, and therefore could not claim surprise. Additionally, she found that any surprise that did exist could easily be cured by allowing Plaintiff additional time to conduct further expert-related discovery while barring Defendants from doing the same. And she found that any delay from reopening discovery would not disrupt trial given that no trial date had been set. These findings are supported by the record and well within her "broad discretion to determine whether

a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis." *S. States*, 318 F.3d at 597.

Plaintiff next contends that, even if exclusion was not warranted, Magistrate Judge Gallagher imposed an inadequate sanction on Defendants for their noncompliance. Plaintiff argues that Magistrate Judge Gallagher should have required Defendants to pay all costs and expenses associated with reopening expert discovery, and contends that her failure to do so improperly shifted the penalty for Defendants' noncompliance solely onto Plaintiff. Rule 37(c) provides that, "[i]n addition to or instead of" exclusion, a district court "*may* order payment of the reasonable expenses, including attorney's fees, caused by" a party's noncompliance with Rule 26(a) or (e). Fed. R. Civ. P. 37(c)(1)(A) (emphasis added).

In support of his cost-shifting argument, Plaintiff cites to *Samsung Electronics. Co. v. Nvidia Corp.*, 314 F.R.D. 190, 204 (E.D. Va. 2016), in which a district court in this circuit allocated "part of the added expense of supplemental expert discovery" to the offending party. In *Samsung*, the court determined that limited cost-shifting was a necessary but not overly draconian sanction in light of all the circumstances present in that case. Nothing *demands* the same result here, however. Indeed, *Samsung* merely illustrates the fact-specific nature of discovery sanctions and the broad latitude granted to the judge overseeing discovery to craft appropriate sanctions.

More importantly, *Samsung* did not involve review of a magistrate judge's decision pursuant to Rule 72. Rather, in *Samsung* the district court addressed the merits of the parties' arguments regarding sanctions in the first instance. Had the Court been in a similar position here, it may well have reached the same conclusion as the court in *Samsung* and required Defendants to pay for Plaintiff's reasonable additional discovery costs caused by their

noncompliance. Here, however, the Court is not tasked with determining the best sanction for Defendants' noncompliance, nor even with determining whether the Magistrate Judge's finding is "the best or only conclusion permissible based on the evidence." *Huggins*, 750 F. Supp. 2d at 559. Instead, the Court is "only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Id.* Magistrate Judge Gallagher was in a far better position than the Court to balance the equities between the parties and craft an appropriate sanction, and Plaintiff has failed to show that the remedy she crafted was clearly erroneous.[2]

### B. Plaintiff's Motion to Exclude Defendants' Expert Testimony

The Court need not spend long addressing Plaintiff's second pending motion. Plaintiff filed a motion *in limine* seeking to preclude Mr. Pelura "from testifying in this case concerning the unsupported claim that service charges (automatic gratuities) were included in the Defendants' gross receipts." (ECF No. 93, at 1.) The Court has already found that Defendants' mandatory gratuities do not qualify as service charges under the FLSA as a matter of law. Moreover, both parties now agree that Plaintiff's motion is moot in light of the Court's summary judgment ruling. Accordingly, this issue is no longer in dispute and therefore Plaintiff's motion regarding the validity of Mr. Pelura's expert testimony on this issue is moot. *See, e.g.*, *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 156 (4th Cir. 2012) (holding that district court's grant of summary judgment on merits of claim rendered moot any dispute regarding elements of that claim); *see also Norfolk S. Ry Co. v. City Of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010) ("A dispute is moot when the parties lack a legally cognizable interest in the outcome. And the parties lack such an interest when, for example, our resolution of an issue could not possibly have any practical effect on the outcome of the matter." (internal citations and quotation marks omitted)).

---

[2] Plaintiff, of course, remains free to seek an award of reasonable costs pursuant to the FLSA's fee-shifting provision. 29 U.S.C. § 216(b).

*IV. Conclusion*

For the foregoing reasons, an Order shall enter DENYING Plaintiff's Objections to the Magistrate Judge's Memorandum Opinion and Order (ECF No. 85) and DENYING AS MOOT Plaintiff's Motion to Exclude Defendants' Expert Testimony (ECF No. 93).

DATED this 29th day of January, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge