IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Kristofer Prusin** | * | |
| **Plaintiff** | | |
| | * | |
| **v.** | | **Case No. JKB-16-0605** |
| | * | |
| **Canton's Pearls, LLC, et al.,** | * | |
| **Defendants** | * | |

_____/

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Kristofer Prusin ("Plaintiff") and Defendants Canton's Pearls, LLC  t/a Canton Dockside ("Canton Dockside") and  Eric Hamilton ("Hamilton") (collectively the "Parties") jointly move this Court for an Order approving the entry of Stipulated Judgment in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and in support thereof, state as follows:

1.      In March 2016, Plaintiff brought this action under the FLSA, the Maryland Wage and Hour Law ("MWHL"), MD. Code. Lab. & Empl. Art. § 3-401 *et seq.;* and the Maryland Wage Payment and Collection Law, MD. Code. Lab. & Empl. Art. § 3-501 *et seq.* ("MWPCL").

2.      On September 29, 2017, the Court granted Defendants' Motion for Partial Summary Judgment by restricting Plaintiff's FLSA minimum wage claims to the two years preceding the filing of the lawsuit, and denied the Motion insofar as it sought impose a two year restriction on Plaintiff's FLSA overtime wage claims.  (ECF Doc. 89).

3.      On November 6, 2017, the Court granted Plaintiffs' Motion for Partial Summary Judgment by granting judgment as a matter of law that: (i) Defendants violated the minimum wage and overtime provisions of the FLSA; and (ii) Defendant Eric Hamilton qualified as

Plaintiff's employer under the FLSA and MWHL until Defendant Eric Hamilton resigned in May, 2015.   However, the Court denied Plaintiff's Motion for Summary Judgment insofar as it sought an award of $38,330.12, or two times the unpaid minimum and overtime wages for the three year period preceding the filing of the lawsuit.  (ECF Doc. 98).

4.     Following these rulings on the cross motions for partial summary judgment, the Parties agreed to the entry of judgment against the Defendants, jointly and severally in the amount of $31,712.00, but have been unable to reach an agreement as to Plaintiff's attorneys' fees and costs.[1]  A proposed judgment is attached to this Motion.

5.     The proposed judgment represents 200% of the unpaid minimum and overtime wages for the two years preceding the filing of the lawsuit, and 100% of the unpaid minimum and overtime wages for the third year preceding the filing of the lawsuit, and is fully consistent with the foregoing rulings by the Court.   A summary of Plaintiff's damage calculations is attached as Exhibit 1.  Plaintiff no longer wishes to pursue his claim for treble damages under the MWPCL, or his claim for liquidated damages for willful violations of the FLSA's overtime provisions during the third year of his employment, for a variety of personal reasons. Accordingly, the proposed judgment eliminates the need for a jury trial.

6.     Although the parties have reached a settlement, Court approval is required. "Under the FLSA, 'there is judicial prohibition against the unsupervised waiver or settlement of claims.'"  *Kianpour v. Restaurant Zone, Inc.*, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) *(quoting Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007). "Nevertheless, '[c]laims for FLSA violations can ... be settled when the settlement is supervised by the [Department of Labor] or a court.'" *Id.* (citation omitted, alterations in original); *see also*

---

[1]   As set forth in the proposed Order, Plaintiff will file a motion for attorneys' fees pursuant to Local Rule 109.2.

*Gionfriddo v. Jason Zink. LLC*, 2011 WL 2791136, at *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval.").

7.     Importantly, there is a "'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether an FLSA settlement is fair, adequate, and reasonable." *Lomascolo v. Parsons Brinckerhoff. Inc.,* 2009 WL 3094955, *10 (E.D. Va. Sept. 28, 2009).

8.     "While the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit have typically employed the considerations set forth in *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)." *Kianpour*, 2011 WL 5375082, at *2; *see also Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (FLSA settlement should be approved if the settlement reflects a "reasonable compromise" over the issues in dispute); *Lane v. Ko-me. LLC*, 2011 WL 3880427, *2 (D. Md. Aug. 31, 2011) ("[P]arties requesting approval of a proposed settlement 'must provide enough information for the court to examine the bona fides of the dispute . . . .'").

9.     District courts in the Fourth Circuit, when asked to approve FLSA settlements, consider the following factors: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)

10.     Given the time, expense and unpredictability of a jury trial, as well as the significant relief already achieved at the summary judgment stage, the Parties submit that the Settlement Agreement is fair and reasonable. The proposed judgment is the result of an arms-length negotiation involving experienced and capable counsel on all sides.

11.     For all the foregoing reasons, the Parties respectfully request that the Court grant this Joint Motion, approve this proposed judgment, and issue an Order in the form of the Proposed Order, submitted contemporaneously herewith.

WHEREFORE, for good cause shown, the Parties jointly move that this Honorable Court approve the FLSA settlement in this matter as fair and reasonable, and retain its jurisdiction with respect to the unresolved dispute over attorneys' fees and costs.

/s/ Bradford W. Warbasse
Bradford W. Warbasse
Fed. Bar No. 07304
401 Washington Avenue, Suite 200
Towson, Maryland 21204
410-337-5411

 /s/ (with permission)
Howard B. Hoffman
Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, Maryland 20852
(301) 251-3752

*Attorneys for Plaintiff, Kristofer Prusin*

/s/ (with permission)
Andrew J. Graham
Justin A. Redd
Kramon and Graham, P.A.
One South Street
26th Floor
Baltimore, Maryland 21202
(410) 787-1123

/s/ (with permission)
Christopher Staiti
Staiti & DiBlasio, LLP
401 Headquarters Drive, Suite 202
Millersville, Maryland 21108
(410) 787-1123

*Attorneys for Defendants,*
*Canton's Pearls, LLC and Eric Hamilton*