**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 9, 2018

LETTER TO COUNSEL

RE: *Prusin v. Canton's Pearls, LLC, et. al.*
Civil Case No. JKB-16-0605

Dear Counsel:

This case has been referred to me for post-judgment discovery disputes and related scheduling matters as authorized by Local Rule 301.6 (aj) and pursuant to Maryland Rule of Civil Procedure 2-633. [ECF No. 122]. Two motions are presently pending: (1) Plaintiff Kristofer Prusin's ("Plaintiff") Request For Order Directing Judgment Debtor Eric Hamilton To Appear For Examination In Aid Of Enforcement Of Judgment ("First Request") [ECF No. 112] and Defendants Canton's Pearl's LLC and Eric Hamilton's (collectively "Defendants") Opposition [ECF No. 114]; and (2) Plaintiff's Second Request For Order Directing Judgment Debtor Eric Hamilton To Appear For Examination In Aid Of Enforcement Of Judgment ("Second Request") [ECF No. 115] and Defendants' Opposition [ECF No. 130]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons discussed below, Plaintiff's First Request will be denied as moot. Plaintiff's Second Request will be granted in part.

As background, on February 23, 2018, a judgment was entered against Defendants, jointly and severally, in the amount of $31,712.00. [ECF No. 106-2]. On March 19, 2018, with the judgment remaining unpaid, Plaintiff filed his First Request that this court order Hamilton to appear for examination in aid of enforcement of judgment. [ECF No. 112]. Specifically, Plaintiff made his request under Federal Rule of Civil Procedure 69 and pursuant to Maryland Rule 2-633(b), which states, in relevant part, that a court can issue an order requiring the judgment debtor to appear for examination under oath "no earlier than 30 days after entry of a money judgment."[1] Md. Rule 2-633(b). Defendants objected to Plaintiff's First Request on the grounds that: (1) Plaintiff sought an order requiring Hamilton to appear for examination within 30 days of the entry of the money judgment in violation of Maryland Rule 2-633(b); and (2) in light of Plaintiff's outstanding written discovery requests, his Request for Examination was the "most time- and fee-intensive manner to proceed" and was otherwise "overbroad." [ECF No. 114 at 1-2]. Thereafter, on April 3, 2018, 39 days after the entry of the money judgment, Plaintiff filed his Second Request, thus curing any alleged timeliness defect with Maryland Rule

---

[1] Federal Rule of Civil Procedure 69 provides that a judgment creditor may obtain discovery in aid of the judgment or execution pursuant to the Federal Rules, "or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

2-633(b). [ECF No. 115]. Accordingly, Plaintiff's First Request is hereby denied as moot. Defendants, however, reasserted their remaining objections, specifically that Plaintiff's Second Request for Examination remains premature and overbroad. [ECF No. 130 at 1-2].

Here, Defendants essentially contend that, because Plaintiff has served interrogatories and document requests on Hamilton, "in light of this other ongoing discovery," an order requiring Hamilton to appear for a fee-intensive examination is unnecessary.[2] *Id.* Such an argument ignores the plain language of Maryland Rule 2-633, which provides that Plaintiff may seek discovery: "(1) by use of depositions, interrogatories, and requests for documents, *and* (2) by examination before a judge or an examiner . . . ." Md. Rule 2-633(a) (emphasis added). Thus, the fact that Plaintiff chose to issue written discovery does not eliminate his right to also seek an examination of Hamilton before a judge or examiner. Consequently, Defendants' first objection is without merit.

Next, Defendants argue that paragraph 5 of Plaintiff's Second Request (together with his proposed attached order) is overbroad, because he "seeks to inquire into the finances and confidential records of third parties," specifically, Hamilton's businesses, and that the request constitutes a "non-particularized fishing expedition." [ECF No. 130 at 2]. The relevant portion of Plaintiff's Second Request in issue asks that Hamilton be ordered to bring to his examination:

> all banking account records of Judgment Debtor's businesses (including but not limited to, all banking and credit card processing records relating to operations of Judgment Debtor's crab wholesale business or any other business which he currently operates), since the date of January 1, 2016 through the date of the hearing.

[ECF Nos. 115 at 2; 115-1 at 2]. Plaintiff requests such information, because he "intends to seek a charging order and/or writs of garnishment against" Hamilton's businesses. [ECF No. 115 at 2 n.1]. Here, I find Plaintiff's request for records of third parties to be premature. *See, e.g.*, *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (S.D.N.Y. 1977) ("[D]isclosure concerning the assets of a non-party is generally not contemplated by Rule 69(a)," but "[d]iscovery has been permitted against a non-party where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them.") (citations omitted); *Trustees of Amalgamated Ins. Fund v. Jordan Mfg. Corp.*, No. 07-21301-MC, 2008 WL 343132, at *1 (S.D. Fla. Feb. 5, 2008) ("While the scope of discovery directed to judgment debtors is broad, generally third parties may be examined only as to the judgment debtor's assets and are not required to disclose their own assets" unless the creditor provides evidence "suggesting that the third party is an alter ego or 'mere extension' of the judgment creditor.") (citations omitted); *Uniden Corp. of Am. v. Duce*

---

[2] Further, Defendants assert in their Opposition that "there is no need to involve the Court . . . well before the time for responding to post-judgment discovery has approached." [ECF No. 130 at 1-2]. Though failing to see the merit of this rationale, I note that Defendants' written discovery responses were due to Plaintiff on April 27, 2018, and Plaintiff's request for examination, nonetheless, remains pending.

*Trading Co.*, No. 89-CV-0878E, 1993 WL 286102, at *1 (W.D.N.Y. July 19, 1993) ("Although disclosure concerning the assets of a non-party is not generally contemplated by Rule 69(a), discovery has been allowed against a non-judgment debtor upon a somewhat heightened showing of necessity and relevance—i.e., at least some demonstration of concealed or fraudulent transfers or alterego relationship with the judgment debtor.") (citations omitted). Thus, I find that, at his examination, Plaintiff may inquire into Hamilton's financial and legal relationships with his businesses, to determine whether production of the requested documents by those businesses will be warranted. Until then, however, Hamilton need not produce all bank account and credit card processing records associated with his businesses.

Finally, I am not available on Plaintiff's proposed dates between May 29, 2018 and June 1, 2018. *See* [ECF No. 115 at 1]. Counsel are thus directed to confer and propose additional dates to my chambers by email (mdd_sagchambers_@mdd.uscourts.gov). Plaintiff's counsel should submit a revised proposed order reflecting the ruling herein, and I will issue the order once a time and date has been agreed upon.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

cc: Chief Judge James K. Bredar