IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KRISTOFER L. PRUSIN,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL NO. JKB-16-0605** |
| **CANTON'S PEARLS, LLC,** **et al.,** | * | |
| **Defendants.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM & ORDER</u>

On February 23, 2018, the Court entered judgment in favor of Plaintiff, Kristofer Prusin, against Defendants, Canton's Pearls, LLC and Eric Hamilton, jointly and severally, in the amount of $31,712.00. (ECF No. 108.) Now pending before the Court is a plethora of post-judgment motions and requests filed by Plaintiff, including: (1) a Motion for Attorneys' Fees and Costs (ECF No. 109); (2) a Motion to Strike, or in the Alternative, Permit Plaintiff to Release Defendants' ADR (Mediation) Position (ECF No. 127); and (3) a Motion for Clarification/Reconsideration (ECF No. 155). In addition, Defendant has filed a Motion for Leave to File a Surreply to Plaintiff's Motion for Attorneys' Fees (ECF No. 133) and Plaintiff has requested a hearing on his motion for attorneys' fees (ECF No. 135). Finally, despite stating on June 5, 2018, that "[t]he issue of attorney fees and costs can wait for the outcome of Hamilton's bankruptcy filing," Plaintiff has since changed course in a July 19 letter to the Court requesting that it resolve the pending Motion for Attorneys' Fees only as to Defendant Canton's Pearls LLC. (ECF No. 158.) The Court will address each of these requests in turn.

Plaintiff's Motion for Clarification/Reconsideration (ECF No. 155) is GRANTED. The proceedings in this case are stayed only as to Defendant Eric Hamilton as a result of his bankruptcy petition. Accordingly, Plaintiff is free to pursue post-judgment enforcement actions against Defendant Canton's Pearls LLC.

Plaintiff's Motion for Attorneys' Fees (ECF No. 109) is DENIED WITHOUT PREJUDICE. Plaintiff's Motion seeks to recover fees from both Defendant Eric Hamilton and Defendant Canton's Pearls LLC. The Defendants filed a joint response and a joint motion seeking to file a surreply to Plaintiff's Motion for Attorneys' Fees. As it stands now, it is not clear that this Motion can be resolved without violating the provisions of 11 U.S.C. § 362.

But, even assuming the Court could resolve the Motion as to only one of the parties it was filed against, doing so would not be an efficient use of the Court's time and resources. The individual and corporate defendants in this case are intimately linked and it makes little sense to resolve Plaintiff's Motion against them in a piecemeal fashion. Plaintiff acknowledged as much in his Motion for Reconsideration, stating:

> Because the assets of the corporate debtor are admittedly limited, Plaintiff does not request that the Court resolve the following pending Motions: Plaintiff's Motion for Attorneys' Fees (ECF Doc. 109), Plaintiff's Motion to Strike Mediation Communications (ECF Doc.17), and Defendants' Motion for Leave to File SurReply (ECF Doc. 133).

(ECF No. 155.)

Moreover, as evidenced by the numerous post-judgment motions and requests for hearings filed by the parties in the last few months, the resolution of Plaintiff's Motion for Attorneys' Fees is far from straightforward. Indeed, despite the relatively small dollar value at issue in this case it has dragged on for over two years with both sides engaging in arguably vexatious tactics at times. It would be anything but an efficient use of the Court's time to engage in a lengthy

2

analysis of Plaintiff's Motion and the propriety of the time spent on this case by Plaintiff's counsel only to have the Court's conclusion be rendered effectively meaningless in light of the Bankruptcy Court's resolution of Mr. Hamilton's petition.

Furthermore, the Court disagrees with Mr. Warbasse's suggestion that Plaintiff and his counsel "are compelled to ask the Court to continue its work on the pending Fee Motion" before the Bankruptcy Court has ruled on Plaintiff's motion for relief from the automatic stay. (ECF No. 158.) Mr. Warbasse claims that this is so because "Defendant Hamilton's bankruptcy counsel has recently insisted that Plaintiff's claim for attorney's fees and costs needs to be determined in this Court." (*Id.*) The Court reads the attached email from Defendant's bankruptcy counsel quite differently. Defendant's bankruptcy counsel told Plaintiff's counsel to "circulate a *consent* order lifting the stay to determine your fees." (ECF No. 158-1 (emphasis added).) And he then expressly noted that, after the stay is lifted, he would "possibly consent to the amount" of fees requested. In other words, Defendant's bankruptcy counsel has already consented to lifting the stay and may consent to the fees requested by Plaintiff's counsel. Given these communications, Plaintiff's request for the Court to resolve his Motion before the bankruptcy stay is lifted is truly perplexing.

In light of the above rulings, Plaintiff's Motion to Strike (ECF No. 127), Defendants' Motion for Leave to File a Surreply to Plaintiff's Motion for Attorneys' Fees (ECF No. 133), and Plaintiff's request for a hearing (ECF No. 135) on his Motion are DENIED AS MOOT.

DATED this 30 day of August, 2018.

BY THE COURT:

James K. Bredar
Chief Judge